## G. E. ATTAWAY v. R. T. MATTOX.

(No. 3184.)

APPEAL from Wood County. Opinion by WILLSON, J.

HART & CRADDOCK, counsel for appellant.

No counsel appeared for appellee.

§ **21.** *Verbal contract; whether to be performed within one year or not, a question of fact for the jury.* This suit was instituted by appellee against appellant to recover damages for breach of a verbal contract, whereby appellant employed appellee as a clerk and salesman, at the price of $30 per month for one year. Appellant discharged appellee from said employment, and appellee claimed that he had thereby been damaged $215. He recovered judgment for $100 and costs. It is claimed by appellant that the contract of employment is void under the statute of frauds, it being a contract which was not to be performed within one year from the making thereof, and being verbal. [R. S., art. 2464.] If the fact be that the contract was not to be performed within the space of one year from the making thereof, appellant's position is correct. This was a question of fact for the jury to determine from the evidence, and it was, we think, fairly and correctly submitted to the jury by the charge of the court, and in finding for appellee the jury must have found that the contract was to be performed within one year from the making thereof.

§ **22.** *Argument of counsel; improper and unwarranted statements, when ground for reversal.* It is made to appear by a bill of exceptions that counsel for appellee, in closing his argument to the jury, said: "The plaintiff recovered a judgment in this case on a former trial hereof on the same proof as was proven on this trial." Manifestly this statement of counsel was improper. It was not legitimate argument and not warranted by the evidence, for it was not, and could not legally have been, proved on the trial that there had been a former trial and verdict in the case upon the same evidence. It is well settled that improper, unwarranted statements made by counsel in concluding the argument in a cause, when of a nature calculated to injure and prejudice the opposite party, constitute good ground for a new trial or for a reversal of the judgment in case a new trial is refused.

[Willis v. McNeill, 57 Tex. 465; Railway Co. v. Jarrell, 60 Tex. 268; Franklin v. Tiernan, 62 Tex. 92.] We think the statement complained of was well calculated to work injury and prejudice to the appellant, and entitles him to a new trial.

November 6, 1889.          Reversed and remanded.