## J. J. CULBERTSON AND EMILY CULBERTSON, v. W. B. ALEXANDER.

### (Filed September 6, 1906.)

1. **CITY STREETS—Rights of Abutting Owners—Building Material.** As a general rule, owners of property abutting on a street in a city may use such parts of the street as are necessary for the enjoyment of their property. Among these rights of an abutting owner is the right to temporarily deposit in the street material necessary for the construction, erection, or repair of a building (in the absence of municipal regulations to the contrary.) But the right to deposit such material for the erection or repair of a building must not interfere with the rights of the public to use the street, or unreasonably interfere with the rights of an adjacent property owner, and such material must not remain in the street an unreasonable length of time.

2. **SAME—Same—Questions of Fact.** Whether the material in this case remained in the street an unreasonable time, and whether reasonable care was exercised to prevent interference with the property or business of the adjacent owner, were questions of fact for the jury to determine under all the circumstances of the case.

3. **TRIAL—Remarks of Counsel.** A statement by counsel for plaintiff in the course of the closing argument, that the plaintiff had recovered a fixed amount below, was improper, but under the circumstances of this case it is held to be insufficient to warrant reversal of the cause.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

*J. H. Woods,* for plaintiffs in error.

*B. B. Blakeney* and *Basham & Biggers,* for defendant in error.

### STATEMENT OF FACTS.

This was an action brought in the probate court of Pottawatomie county by W. B. Alexander against J. J. Culbertson and Emily Culbertson, to recover damages in the sum of five hundred dollars, alleged to have been sustained by reason of wrongfully obstructing the street immediately in front of his place of business, and which caused the water to dam up and accumulate in front of his store building, so as to greatly interfere with and injure his business.

To this petition the defendants filed an answer, consisting of a general denial.

The cause was submitted to the court, and the issues were found in favor of the plaintiff and against the defendants, and the damages assessed at $250.00, and judgment entered accordingly. From this judgment the defendants appealed to the district court, and there the cause was submitted to a jury and a verdict returned in favor of the plaintiff for one dollar and costs. On motion, the court granted the plaintiff a new trial. Thereupon, the cause was again submitted to a jury, verdict returned in favor of the plaintiff for $250.00 and judgment entered accordingly. Motion for new trial was filed by the defendants, overruled, exception saved, and the cause is brought here for review.

Opinion of the court by

HAINER, J.: It appears from the evidence that the plaintiff was engaged in the grocery and feed business on West Main street, in the city of Shawnee, during the years 1901 and 1902, and that plaintiffs in error owned a lot adjoining immediately on the east of plaintiff's place of business. That on or about December 20, 1901, the defendants.

placed two cars of brick in the street immediately in front of the lot owned by defendants, for the purpose of erecting a building thereon, which brick extended about thirty feet out in the street, piled about seven feet high, and were placed in close proximity to the plaintiff's building where he was conducting a store. That the material not only obstructed the plaintiff's view, but that when it rained it dammed the water up, and would accumulate and leave a pool of water in front of the plaintiff's place of business, which greatly impaired, and practically destroyed, his business. That the obstruction remained there for some five or six months.

It is argued by the plaintiff in error that the court erred in permitting the plaintiff to recover damages for loss of business, the contention being that the evidence is insufficient to support a verdict, on the ground that it did not appear that the building material, which had been placed there by the defendants, remained in the street any unreasonable length of time.

As a general rule, owners of property abutting on a street may make certain uses of such parts of the street as are necessary for the proper enjoyment of the property. Among these rights of an abutting owner is the right to deposit material necessary for the construction, erection, or repair of a building. But the right to deposit such material for the erection or repair of a building must not interfere with the rights of the public to use the street, or with the reasonable enjoyment of adjoining property by the owners, or unreasonably interfere with adjacent property owners; nor must such material remain in the street an unreasonable length of time. And when such material is placed in a public street, reasonable

care should be exercised in not endangering the property or business of an adjacent property owner.

Judge Elliott, in his work on Roads and Streets, page 545, states this doctrine as follows:

"Adjoining land owners are usually permitted to place material upon the street or sidewalk in front of their premises and to make a reasonable use thereof for the purpose of erecting, repairing, or improving buildings upon their land; but reasonable diligence should be used to complete the work, and ordinary care must be taken to warn travelers of the obstruction and danger."

In Am. & E. Enc. Law, (2 ed.) vol. 15, page 491, the doctrine is thus stated:

"While highways are primarily designed for the purpose of travel and must therefore be kept clear of obstructions, the law justifies obstructions of a partial and temporary character, from the necessity of the case and for the convenience of mankind, when those obstructions occur in the customary or contemplated use of the highways, they being reasonably necessary and not unduly prolonged. As to what is a proper obstruction, as being based on a reasonable and necessary use, it is impossible to lay down any general rule, each case being determined by the particular circumstances thereof.

"*Question for Jury.*—The question whether a particular use of a highway involves an improper obstruction thereof is generally a question for the jury."

In *State v. Mayor,* 15 N. W., 210, Mr. Justice Maxwell, in discussing this subject, says:

"Temporary obstructions in a street which are reasonable and necessary for the erection of a building upon an adjacent lot do not so constitute a nuisance, provided they are not reasonably prolonged. Such obstructions are not invasions of the rights of the public to the use of the street, but merely in-

cident to or a limitation on such right; but are justified only so long as they are reasonably necessary. The party placing the obstructions therein, however, will not be justified in leaving the street in an unsafe condition."

In *Raymond v. Kiseberg,* 54 N. W. 612, the supreme court of Wisconsin said:

"The right of an abutting lot owner to temporarily use a part of the street for building operations is founded on reasonable necessity, and not as owner of the fee of any part of the street; and, in the absence of municipal regulations as to the space to be occupied, the extent of the necessity depends on the circumstances of each particular case."

Whether the material remained in the street an unreasonable time, and whether reasonable care was exercised to prevent interference with the property or business of adjacent property owners, were questions of fact for the jury to determine under all the circumstances of the case; and in this case the court submitted those questions to the jury under appropriate instructions. And the evidence, in our opinion, fully sustains the verdict of the jury.

It is assigned as error and argued that counsel for the plaintiff made a prejudicial statement during the closing argument, for which this cause should be reversed. The record discloses that the cause was tried in the probate court, and judgment entered for the plaintiff for $250.00, and that when the cause was last tried in the district court and during the closing argument, counsel for plaintiff stated that such a judgment had been rendered in the court below. Such a statement by counsel was improper, and the court should have sustained the defendant's objection thereto. But under the facts and circumstances of this case, we are of the opinion

that the remark was not of such character as would justify a reversal of this cause.

In vol. 2 Enc. P. & P., page 734, it is said:

"Statements of the result of a former trial of the same case are regarded as improper and unjustifiable, and in some cases so extremely harmful as to constitute ground for a new trial."

And on page 735 of the same volume, it is said:

"But the appellate court will not disturb the verdict unless it appears that the party complaining was probably prejudiced."

In *Attaway v. Mattax.* 14 S. W. 1017, the court of appeals of Texas lays down this rule:

"It is reversible error for plaintiff's counsel to state, in his closing argument to the jury, that on a former trial plaintiff recovered upon the same evidence now before them."

Ordinarily such a statement is sufficient ground for reversal of the cause, but in this case we have carefully examined the record with reference to the amount of damages awarded by the jury, and in our opinion it is fair and just; and we believe that in case of another trial upon the same state of facts, the plaintiff ought to recover at least the amount of damages awarded in this case. And for that reason, we are of the opinion that the remarks that were made would not warrant this court in reversing the cause and awarding a new trial. The judgment of the district court is therefore affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.