VER-VAC BOTTLING COMPANY *vs.* JOHN W. HINSON.

*Highway—Injury to Vehicle—Negligence of Abutting Owner— Fall of Tree—Prayers and Instructions.*

In an action for injury to a truck standing on a highway, as the result of the fall of a tree, located on abutting land, which was in course of removal, a prayer which assumed that there was a contract for the felling of the tree was properly refused.
                                                         p. 270

In an action for injury to a truck on a highway, caused by the fall of a tree, located on abutting land, an instruction was erroneous which assumed that any plan for felling a tree adjacent to a public highway is negligence in law or an actionable nuisance.                                             p. 270

One who directs the felling of a tree so near the public highway that there is possible danger to the travelling public, is bound to use at least ordinary care to prevent any injury, but is not responsible if he uses such care.          p. 270

One has the right to remove a tree on land abutting on a highway without necessarily committing a nuisance, even though the tree accidentally falls into the highway.          p. 270

That a person felling a tree on another's land, for the latter's purposes, was to have the tree, did not conclusively show a sale of the tree to him in return for his labor, since it might be that such person was employed by the landowner to do the work, for which he was to be paid by receiving the tree. p. 271

In an action for injuries to a vehicle on a highway, caused by the fall of a tree, located on defendant's abutting land, while in process of removal, a prayer that if the person actually felling the tree was not doing it for defendant, or acting as defendant's servant or agent, the verdict must be for defendant, was too vague, uncertain, and incomplete, it being conceded that such person was not a trespasser, and facts not being referred to in the prayer which could require a finding that he was acting as the owner of the tree.                pp. 271, 272

An owner of land abutting on a highway, desiring to remove a tree, the removal of which might imperil the travelling public, cannot escape liability by selling the tree to another, who agrees to remove it, but he is bound to use ordinary care to see that persons in the lawful use of the highway are not injured in the course of the removal.                          p. 272

*Decided January 23rd, 1925.*

Appeal from the Circuit Court for Baltimore County (PRESTON, J.).

Action by the Ver-Vac Bottling Company against John W. Hinson. From a judgment for defendant, plaintiff appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, and WALSH, JJ.

*William H. Lawrence,* with whom was *Tazewell Thomas* on the brief, for the appellant.

*T. Wilbur Meads,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On January 16th, 1922, at about three o'clock in the afternoon, William B. Hickey, an employee of the Ver-Vac Bottling Company, was driving a truck belonging to his employer along the Lodge Farm Road, a public highway in Bal-

timore County, where it binds on the land of John W. Hinson, the appellee, on his way to deliver certain cases of soft drinks with which the truck was loaded to the appellant's customers living in that neighborhood. The road was bad, and not feeling sure that it was passable, he stopped his truck at a point opposite a tree on Mr. Hinson's land, where a colored man was working, apparently cleaning away some brush and undergrowth near a ditch, and inquired of him whether he could get through to deliver goods consigned to two customers on his route. He was told that he could, and as he was leaning forward to reach a lever for the purpose of starting the truck again, the tree fell, striking the rear part of the cab of the truck where the driver was seated; and "smashing up everything behind him." He then discovered that all the dirt had been grubbed away from the roots of the tree, and the roots themselves had been cut, and the tree allowed to remain in that condition, ready to fall, within a few feet of a public highway, with no warning of any kind to the travelling public of the danger which it created.

After the accident the Ver-Vac Bottling Company brought this action against the appellee, who owned the land on which the tree stood, to recover for the loss it sustained through the destruction of its property. The case was tried before the court, in the Circuit Court for Baltimore County, and the verdict and judgment in that case being for the defendant, the plaintiff took this appeal.

At the conclusion of the whole case the plaintiff offered three prayers and the defendant nine. The court granted the plaintiff's first and second prayers, and the fourth, seventh and ninth prayers of the defendant, and refused all the others, and those rulings are the subject of the only exception found in the record.

The rulings as to the plaintiff's third prayer and the defendant's seventh and ninth prayers need little comment. The plaintiff in its third prayer asked the court to instruct itself that if it found "from the evidence in the contract for grubbing the tree entered into between the defendant and one

John Oliver it was contemplated or agreed that the tree should be grubbed, then in so far as the tree immediately adjacent to the public highway was concerned, the plan itself for its removal was negligent, and, therefore, the doctrine of independent contractor is no defense in this suit, and the verdict must be for the defendant." That prayer was obviously bad, first, because it assumed a fact which should have been left to the jury; that is, whether there was a contract for felling the tree, and second, because it assumed that any plan for felling a tree adjacent to a public highway was either negligence in law or an actionable nuisance. As a legal abstraction that is not a correct statement of the law, for while it is undoubtedly true that one who directs a tree to be felled so near a public highway that possible danger to the travelling public may reasonably be anticipated as a natural consequence thereof, is bound to use at least ordinary care and caution possible under the circumstances, to prevent any such injury, yet he is not responsible if in fact such care was exercised. As for instance, if guards were maintained to warn the travelling public of the danger, and one warned of the danger by them, in entire disregard of such warning, exposed himself to it and was injured, it could not reasonably be said as a matter of law that the injury should be attributed to the defendant's negligence when it was obviously due to his own. An owner may have the right to remove trees from the highway itself (*Clark v. Dasso,* 31 Mich. 86), and *a fortiori* he has the right to remove trees on land abutting on a highway without necessarily committing a nuisance, even though the tree accidentally falls into the highway. The defendant's seventh and ninth prayers are the usual and conventional prayers offered so frequently in cases of this character and deal with the burden of proof and the definition of negligence, and as they have been repeatedly approved both in form and substance by this Court, we find no error in the rulings as to them.

The defendant's fourth prayer, which was granted, presents this proposition, that if "at the time of the happening

of the accident mentioned in the testimony, a tree on the land of the defendant was being grubbed or cut down by one Robert Oliver," and if "the said Robert Oliver was not grubbing or cutting down said tree for the defendant, and if the * * * said Robert Oliver was not acting as the defendant's servant or agent within the scope of his employment, then the verdict of the court sitting as a jury must be for the defendant." That prayer is based upon the theory that Oliver, the colored man who felled the tree, had bought it from Hinson, and that he was, therefore, neither an employee of Hinson nor an independent contractor for him, and that for that reason there could be no recovery in this action, no matter how negligent Oliver may have been in felling the tree, and regardless of whether Hinson had, in permitting Oliver to fell it, taken any precaution to protect the travelling public who might be injured thereby. The testimony in the case, the truth of which for the purposes of this opinion will be presumed, shows that Hinson wanted the tree removed in order to build a road, and that he told Oliver he could have the tree in question if he would dig it up, and that Oliver accepted that offer and did grub up the tree. From those facts the appellee infers as a matter of law that the tree was sold by Hinson to Oliver, and that since Oliver owned the tree Hinson was not answerable for any tort or negligence committed by Oliver in removing it. We cannot agree with either of those conclusions. It is true that since Hinson gave the tree to Oliver as compensation for Oliver's work in digging it up, it might be inferred that he sold it to him for the labor expended in digging it up. But on the other hand it might just as reasonably be inferred that since Hinson wanted the tree removed so that he could build a road, that he employed Oliver to remove it and gave him the tree instead of paying him in some other medium. Certainly the facts we have recited are not in themselves sufficient to create an irrebuttable presumption that the transaction was a sale of the tree and not an employment of Oliver. And yet inferentially the prayer makes the appellant's right to recover de-

pend upon that proposition, for if Oliver in felling the tree was not acting as the employee or agent of Hinson, he must have been acting as the owner of the tree, since it must be conceded that he was not acting as a trespasser, and the prayer, although it denies the appellant the right to recover if Oliver did not fell the tree as the employee or agent of Hinson, does not refer to any other fact or circumstance which could require the court sitting as a jury to find that he was acting as the owner of the tree. Under the circumstances of this case such an instruction was too vague, uncertain and incomplete, and the prayer should have been rejected for that reason.

But aside from that, the proposition that one owning land abutting on a public highway and desiring to remove a tree or other object located thereon, the removal of which might imperil the traveling public, can escape liability for the consequences of removing it by the simple device of selling the object to some person, upon his agreeing to remove it, is obviously unsound. We are not dealing here with the relations between Hinson and Oliver, but with Hinson's duty and obligations to the travelling public in the lawful use of that part of the public highway on which his property abutted. Hinson owned the land on which the tree stood, he wanted it removed for his own convenience, he knew that its removal might endanger the travelling public unless reasonable precautions were taken to obviate that danger, and he expressly contracted for its removal. Regardless of Oliver's equitable title to the tree, it was at the time of the accident actually in the possession of Hinson, and on his property, and in arranging for its removal Hinson was bound to exercise at least ordinary care to see that persons in the lawful use of the highway were not injured thereby, and he is liable if he failed to use such care. For where one negligently directs another to place his premises in such a condition as to cause an injury he is liable therefor. 29 *Cyc.* 476; *Conradt v. Clauwe,* 93 Ind. 476, 47 A. R. 388. The owner of land abutting on a public highway owes a duty to such of the travelling

public as are in the lawful use of that highway to use reasonable care to see that they are not injured by the use of his property. And if in default of that duty he enters into an arrangement for the doing of an act on his property in which from its very nature a peril to the users of the highway inheres, and injury results from that act, he is liable. *Deford v. State, use of Keyser,* 30 Md. 179.

But by this prayer the court instructed itself as a jury that the plaintiff could not recover unless Oliver grubbed or cut down the tree as the defendant's agent. That is, if the court found that Oliver bought the tree from Hinson, the plaintiff could not recover, although Oliver, at the time of the accident, was at work on the defendant's premises and grubbing up the defendant's land, and although the work was in its very nature fraught with the utmost danger to users of the highway and was done for the benefit of the defendant, in a manner directed by him, and in accordance with an arrangement made by him, and although he knew that it would necessarily endanger the public unless proper care was taken to avoid such danger, and although the accident occurred through negligence in removing the tree.

For the reasons stated we do not think that the prayer should have been granted, and because of the error involved in the ruling as to it, the judgment appealed from must be reversed.

*Judgment reversed with costs to the appellant. and case remanded for a new trial.*