**SAFEWAY STORES, INC.,**
Plaintiff in Error,

v.

Roy BILLINGS, Defendant in Error.

No. 38195.

Supreme Court of Oklahoma.

Feb. 3, 1959.

Covington, Donovan & Gibbon, by A. M. Covington, Tulsa, for plaintiff in error.

Young, Young & Young, by Glenn A. Young, Sapulpa, for defendant in error.

PER CURIAM.

Defendant in error, Roy Billings, plaintiff below, brought this action on his amended petition to recover damages for personal injuries from F. C. Nunamaker, H. S. Barker, and the plaintiff in error, Safeway Stores, Inc. Trial was to a jury which returned its verdict in favor of the individual defendants but against the corporation in favor of plaintiff. Judgment was entered thereon and Safeway Stores, Inc. has appealed.

It appears, substantially without dispute, that plaintiff was injured as the consequence of a fall to the ground occasioned by his collision, after dark on the evening of August 21, 1956, with the branches of a felled tree lying on the property of Safeway Stores, Inc. abutting on the sidewalk on which plaintiff was walking and across which the limbs of the tree extended forming an obstruction. Plaintiff's amended petition alleged that Safeway Stores, Inc. had acquired all of block 95, Sapulpa. Oklahoma, upon which to build a store; that there were several houses on the block at the time it was purchased by this defendant; that in 1955 the defendants felled trees on the block in prepartion for construction of a store building; that said defendants "caused or knowingly permitted to be felled a large tree which defendants negligently allowed to remain" on the block with its branches projecting over the sidewalk and that plaintiff, who was walking in the darkness over the

sidewalk on the evening in question, fell over the branches and was injured. Plaintiff further alleged that this tree constituted a dangerous hazard to the public using the walk and that "Defendants knew or should have known that their maintenance of that tree felled upon said property and across the sidewalk for over a year was a dangerous and unsafe public nuisance which said Defendants each had a continuing duty to remove"; that failure to do so was negligence; that it was also negligence to obstruct the sidewalk in violation of the provisions of a certain city ordinance; and, that plaintiff's injuries were the proximate result of this negligence. The answer of Safeway Stores, Inc. contained a general denial and a denial that it, its employees or agents, had felled a tree on the property at the time plaintiff was injured. This answer also alleged that it had sold one of the houses on the block to the defendant Barker by a written bill of sale which was incorporated by reference. The answer concluded with an allegation of contributory negligence by plaintiff. The answer of the defendant Barker contained a general denial, and pleas of unavoidable accident and contributory negligence. Barker also pleaded that if he was negligent, the proximate cause of plaintiff's damage was the "intervening acts of the plaintiff and other parties * * *"; that he was not responsible for the acts of Safeway Stores, Inc. or of the other defendant Nunamaker; that the relation of Nunamaker to him was that of independent contractor; and, that there was no joint venture relationship with either of the other defendants. The defendant Nunamaker answered by way of a general denial.

The significance of the unexplained allegations in the pleadings concerning houses on defendant's property is revealed by the evidence in the case in addition to that already stated. Safeway Stores, Inc. sold the houses on the property in order to clear the block for construction of its store building. One of the houses was sold to Barker upon a written contract which made him responsible for moving the structure and which required him to leave the property free and clear of all debris, to carry liability insurance, and to reimburse Safeway Stores, Inc. for all expenses incurred by it which grew out of the removal of the building. Barker engaged the defendant Nunamaker to move the house for him. Nunamaker was a professional house mover who completed this task without direction, supervision, or control by Barker. The house was moved in the fall of 1955. In order to move the building it was necessary to fell a tree near the sidewalk, and permission to do so was granted by the real estate agent who was in charge of the property for Safeway Stores, Inc. There was testimony that the tree which obstructed the sidewalk the following summer was this tree felled by Nunamaker. Yet, there was also evidence that the tree over the walk was not the tree felled by Nunamaker and that the tree felled by him was removed from the vicinity of the sidewalk the same day it was cut down. Other testimony disclosed that a few additional trees were cut down by those persons who bought and moved the remaining houses from the block. "It is clear, however, that Safeway Stores, Inc. or its contractor for the construction of the store building, did not cut down any of the remaining trees on the block until in October after this accident in August." All this evidence, therefore, presented a conflict concerning by whom the tree which obstructed the sidewalk was cut down and in what manner it came to obstruct the sidewalk. Pictures introduced by plaintiff show without a doubt, nevertheless, that the branches of the tree lying on defendant's property with which plaintiff collided had been obstructing the sidewalk for a sufficient length of time for persons using the public walk to have worn a path between the walk and the street in passing around the obstruction.

 It is true, as defendant contends, that it owed plaintiff no duty to maintain or repair the sidewalk. This is the primary responsibility of the municipality. King v. J. E. Crosbie, Inc., 191 Okl. 525, 131 P.2d 105. But the owner of property abutting on a public sidewalk does owe a duty to persons lawfully using the walk not to create or

maintain a condition or structure on his property which forms an obstruction on the public way or is such "as to be a menace and obvious danger to the pedestrian while using the sidewalk." City of Tulsa v. Ensign, 189 Okl. 507, 117 P.2d 1013, 1017. Updegraff v. City of Norman, Okl., 287 P.2d 909. Where the owner of property abutting on a public way maintains thereon an unauthorized obstruction to public travel which is dangerous to those using the public way, he may be liable to persons who are injured as a proximate result. 50 O.S.1951 §§ 1 and 2; Culbertson v. Alexander, 17 Okl. 370, 87 P. 863; City of Tulsa v. Ensign, supra; Linsley v. Bushnell, 15 Conn. 225; Gray v. Boston Gas & Light Co., 114 Mass. 149; Ruocco v. United Advertising Corp., 98 Conn. 241, 119 A. 48, 30 A.L.R. 1237; Ver-Vac Bottling Co. v. Hinson, 147 Md. 267, 128 A. 48; Simmons v. Radio Printing Corp., 279 N.Y. 783, 18 N.E.2d 866; Whittaker v. Town of Brookline, 318 Mass. 19, 60 N.E.2d 85; Laurenzi v. Vranizan, 25 Cal.2d 806, 155 P.2d 633; Concho Const. Co. v. Oklahoma Nat. Gas Co., 10 Cir., 201 F.2d 673. Such is the basis of liability of Safeway Stores, Inc. in this action, and it is to be distinguished from the duty to maintain or repair the public way. In an appropriate action the municipality and the abutting owner each might be liable to a plainiff for injuries sustained as the proximate result of a public nuisance.

■■ Safeway Stores, Inc. argues four propositions on appeal. We need not discuss each separately as some of the points present the same basic problem. First, it contends that the court erred in failing to sustain its demurrer and other motions directed at the sufficiency of the evidence to sustain a verdict against it. Our foregoing brief recitation of the pertinent evidence fails to sustain this contention. The maintenance by defendant on its property abutting on the sidewalk for a considerable period of time, in this case perhaps for seven or eight months, of a dangerous obstruction to the free flow of traffic over the sidewalk, without regard to the manner of its creation, was sufficient evidence of negligence to

justify submission of the question of liability to the jury. In St. Louis & S. F. Ry. Co. v. Ray, 65 Okl. 214, 165 P. 129, L.R.A.1918A, 843, an owner was held liable for the injuries to plaintiff incurred when he fell into an open pit near the public street even though the pit had been dug by and the premises were under the control of the owner's tenant. And in Gray v. Boston Gas & Light Co., supra, where one, other than the abutting owner and unknown to him, tied a wire to the owner's chimney which ultimately caused its fall upon plaintiff's property while traversing the public street, the court said: "It is the duty of the owner to guard against the danger to which the public is thus exposed." Liability of the owner was also authorized in Laurenzi v. Vranizan, supra [25 Cal.2d 806, 155 P.2d 635], where the owner's tenant used the sidewalk for display of produce and plaintiff was injured in a fall over the litter, wherein the court stated: "If the plaintiff could show that the owner acted affirmatively in the creation or maintenance of a nuisance, * * * or such a nuisance resulted from the ordinary use of the premises by the tenant, or from the purposes for which they were let, the owner would be liable." Likewise, liability of the owner was authorized in Linsley v. Bushnell, supra, where someone else placed the owner's cart as an obstruction in the public way, in Whittaker v. Town of Brookline, supra, where an independent contractor erected scaffolding on the sidewalk, and in Simmons v. Radio Printing Corp., supra, where plaintiff was injured by a falling rope being used by a tenant while moving into owner's building. The legal relationship of Nunamaker to Baker or of either of them to this defendant and their part in the creation of the obstacle is of no consequence, in view of the evidence in this action, so far as liability by Safeway Stores, Inc. is concerned. If we assume that the culprit tree was that one felled by Nunamaker, which, perhaps, the jury did not, the intervening time was sufficient to break the chain of causation as to those defendants. Greenwood v. Lyles & Buckner, Inc., Okl., 329 P.2d 1063. Here Safeway Stores, Inc. is primarily, not de-

rivatively, responsible; for in any view of the evidence the obstruction was created by a licensee in the performance of a function authorized by the owner. The maintenance of the obstruction thereafter is the responsibility of the owner. McFarland v. Commercial Boiler Works, Inc., 10 Wash.2d 81, 116 P.2d 288, cited by defendant, is not in point. That action dealt with the liability of an independent contractor for an inherently dangerous and concealed defect, not the question of liability of a proprietor for injury not the duty of a landlord to the public concerning the maintenance on his property abutting on a public street of a nuisance danger to the traveling public.

 Next, it is contended that the trial court erred in leaving to the jury the responsibility to determine the legal relationship of the various defendants to each other. Particular exception is taken to the instructions concerning liability for injuries arising out of work performed by independent contractor. In view of our conclusion on the nature of the defendant's responsibility to plaintiff and of the evidence in this action, there was no prejudicial error in this regard as to this defendant. Barker's answer and the evidence raised an issue as to the status of Nunamaker to Barker and as to their responsibility for the position of the tree over the sidewalk. The court was submitting the case to the jury to determine the question of liability of each defendant, not just Safeway Stores, Inc. The responsibility of Safeway Stores, Inc. to plaintiff was upon another theory which was likewise contained within the pleadings, evidence, and the court's instructions. The jury was instructed to consider the responsibility of each defendant separately. Perhaps the court should have been more explicit in its delineation of the various theories of responsibility applicable to the respective defendants, but we do not believe the jury was misled or confused. And any lack of completeness or error in the instruction defining a landowner's responsibility for the maintenance of a nuisance to the public traveling upon the streets was also harmless in view of the evidence.

Lastly, defendant argues that it is not responsible inasmuch as it did not create the obstruction. It is not necessary that plaintiff prove the defendant created the nuisance. An abutting owner may be liable where the injury arises out of some special use made by him of the public way. Cities Service Co. v. Kindt, 200 Okl. 64, 190 P.2d 1007, or he may be liable also for an injury arising out of the use by him of his property which creates or maintains a dangerous condition or obstruction to the public traveling on the sidewalk. City of Tulsa v. Ensign, supra; St. Louis & S. F. Ry. Co. v. Ray, supra.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.