Harry J. JONES, Plaintiff in Error,

v.

WESTERN AUTO SUPPLY et al., Defendants in Error.

No. 39452.

Supreme Court of Oklahoma.

April 3, 1962.

Brown, Brown & Brown, McAlester, and Boatman, Pugsley & Boatman, Okmulgee, plaintiff in error.

Bell, Tucker & May, McAlester, defendants in error.

BERRY, Justice.

The parties, who appear here in the same relative position as in the trial court, will be referred to herein as they appeared in said court. We note that the City of Hartshorne was made a party defendant below, but is not a party to this appeal.

In his second amended petition, hereafter referred to as "petition", plaintiff alleged in substance that for many months preceding November 23, 1957, the sidewalk immediately north of a building owned or occupied by the defendants was in disrepair; that while his wife, Tennie Jones, was walking on the sidewalk on said date she stepped in a hole therein which caused her to fall; that as a result of the fall, she sustained bodily injuries; that he thereby sustained damages; that defendants had actual or constructive knowledge of the defective condition of the sidewalk; that Tennie Jones had no knowledge of said condition. The accident occurred in Hartshorne, Oklahoma.

Upon the trial court's sustaining the separate demurrers of defendants to the petition, plaintiff elected to stand on the allegations of same and his action was dismissed. From the order of dismissal, this appeal was perfected.

Plaintiff contends that the facts alleged in his petition show that the condition of the sidewalk was such as to constitute a nuisance; that Tennie Jones' injuries and his resulting damages were the direct result of defendants maintaining a nuisance and for said reason the trial court erred in dismissing his action.

In support of his contention, plaintiff cites and quotes from 50 O.S.1951 § 1, as follows:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or

\*   \*   \*   \*   \*   \*

"Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any \*  \* street or highway; or  \*  \*  \* "

The only case cited by plaintiff in support of his contention is Safeway Stores, Inc. v. Billings, Okl., 335 P.2d 636, which case he contends sustains the proposition that "The owner and/or occupant is liable in damages for injuries sustained as a result of the maintenance of a nuisance on adjoining sidewalk."

In the cited case, the plaintiff received bodily injuries as a result of a fall sustained upon coming in contact with the branches of a tree as she walked over a sidewalk in front of the defendant's store. The tree had been felled upon abutting property some seven or eight months preceding the accident and defendant had

thereafter permitted a portion of the limbs of the tree to obstruct the sidewalk. In the first paragraph of the syllabus it is stated that "The owner of property abutting on a public sidewalk owes a duty to the public not to maintain on his property an unauthorized obstruction across the sidewalk which may be dangerous to those traveling upon the public way. The maintenance of such an obstruction for an extended period of time without providing an adequate warning of the danger to those using the sidewalk may be negligence." Plaintiff relies upon the language last quoted.

Plaintiff did not allege that defendants were responsible for the defective condition of the sidewalk. In his brief, plaintiff sums up his contention thusly: "We believe that it can conscientiously be said that a hole two feet deep and thirty inches wide knocked in a sidewalk by some accidental untoward force would become, after the passage of a sufficient period of time, a public nuisance, obstructing and causing a dangerous condition to exist for the public passage on said sidewalk. We believe that such a hole in the sidewalk if created by an act of God (i. e. earthquake, a bolt of lightning, or flood) would ripen into a nuisance if allowed to continue over an extended period of time, thus creating an obstruction or a dangerous condition for public passage on such sidewalk." It is apparent that Safeway Stores, Inc. v. Billings, supra, is not in point.

For reasons stated, the allegations of plaintiff's petition fail to show that defendants unlawfully interfered with, obstructed or rendered dangerous the sidewalk within the purview of Sec. 1, supra, and we are, therefore, convinced that said Section is without application.

Plaintiff argues that while "the primary responsibility for maintaining and repairing the sidewalk" did not rest on defendants, they "had the responsibility and the duty to abate any condition which obstructed or rendered dangerous the passage of the public on that abutting sidewalk."

The argument last above referred to runs counter to King v. J. E. Crosbie, Inc., 191 Okl. 525, 131 P.2d 105, where we held in substance that a municipal corporation is charged by law with the duty of keeping its sidewalks in a reasonably safe condition for the traveling public and that a person injured as a result of a sidewalk being in disrepair does not have a cause of action against an abutting property owner. The referred-to pronouncement is in keeping with the majority rule. See cases cited following annotated notes beginning at p. 212, 41 A.L.R. and at p. 799, 93 A.L.R.

At p. 220, § 861b, 63 C.J.S. Municipal Corporations, it is stated that "as a general rule, in the absence of statute, he (owner or occupant of property abutting a sidewalk) owes no duty to the public to keep the sidewalk in repair or in a safe condition for public travel, or to see that the municipality does so."

The Supreme Court of Missouri said in Lucas v. St. Louis & S. Ry. Co., 174 Mo. 270, 73 S.W. 589, 592, 61 L.R.A. 452, that "This defendant never caused this defect in the sidewalk; never adopted it, used it, continued it, or maintained it. It did not remove it, it is true, but it owed no duty to the city or its citizens to remove it. It was neither the active, primary, nor remote cause of its being there, and it did not keep it there for its own use or benefit or at all. It simply left it where it found it, and let it remain in no more dangerous condition than it was when it found it. It follows that the defendant is not liable for the plaintiff's injuries."

The trial court did not err in dismissing plaintiff's action as to the defendants.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J. and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.