## HARRIS v. BOLING.

No. 18495. Opinion Filed July 10, 1928.

(Syllabus.)

1. **Automobiles—Negligent Operation—Liability of Owner Though Riding as Passenger.**
When the owner of an automobile lends his machine to another and on invitation becomes a passenger therein, in the absence of any agreement to the contrary, the owner has the right and it is his duty to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner and in violation of the law. When he has the opportunity to restrain the driver and fails to take advantage of it, he should be held responsible for the consequences.

2. **Same—Judgment for Damages Against Owner of Car Sustained.**
Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by M. B. Boling against Peter Harris. Judgment for plaintiff, and defendant appeals. Affirmed.

Brown Moore and Guy L. Horton, for plaintiff in error.

Freeman E. Miller, for defendant in error.

HEFNER, J. M. B. Boling, the defendant in error, as plaintiff, brought this suit in the justice court against Peter Harris, plaintiff in error, as defendant, and alleged that the defendant was the owner of a Chevrolet automobile and was an occupant thereof while the same was being driven by one Spiker on the public highway, and that Spiker negligently drove the same into a certain Star automobile belonging to the plaintiff, thereby causing certain damages in the amount of $200 to plaintiff's automobile.

The facts disclosed that the defendant was operating a business in Shawnee and the driver, Spiker, worked for him. They both lived in Stillwater. The car was used in connection with the business operated in Shawnee. Spiker borrowed the car to make the trip to Stillwater. Later in the day Spiker invited the defendant and the small son of defendant to make the trip with him to Stillwater, which invitation was accepted by the defendant.

The plaintiff recovered judgment in the justice court in the sum of $200, and on trial de novo in the district court of Payne county he recovered judgment in the sum of $175.

The defendant contends that he is not liable for any damage inflicted by his car upon the machine of the plaintiff for the reason that he had loaned the car to Mr. Spiker, his employee, for his trip from Shawnee to Stillwater, but that defendant, after he had lent it for such purpose and before the trip began, upon the invitation of Spiker, changed his mind from what his

purpose was at the time he lent the machine to Spiker and accompanied him to Stillwater; that he was a guest and invitee of Spiker, and for this reason he was in no wise liable for what happened to plaintiff's car in the progress of the journey.

The rule applicable to these facts is discussed in the case of Randolph v. Hunt, 183 Pac. 358, wherein the Supreme Court of California said:

"Again, if the owner of an automobile lends his machine to another, and on invitation becomes a passenger therein, in the absence of any agreement to the contrary, the owner has the right, and indeed, it is his duty to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner and in violation of law. He cannot sit idly by and refrain from remonstrance at least while knowing that the driver is thus endangering the lives of others. If he has the opportunity to restrain the driver, and fails to take advantage of it, he should be held responsible for the consequences. This is the just view, and it is supported by the authorities."

The facts in this case bring it clearly within the rule announced above, and we hold that the defendant is liable for any damages suffered by the plaintiff caused by the negligent operation of the car by Spiker.

The defendant urges that the court committed error in admitting incompetent, immaterial, and irrelevant evidence over his objection. He complains about the testimony of certain witnesses who inspected the ground and testified as to the appearances, distances, and other matters at the scene of the collision about ten o'clock the next morning after it happened about seven o'clock the night before. That part of the testimony that was hearsay and incompetent the court excluded. What they saw was allowed to remain in evidence. In doing so, the trial court committed no error.

The defendant further complains because the court overruled his motion to strike all the testimony of the plaintiff. His evidence covers some 12 or 15 pages of the record. Most if not all of his testimony was admissible. If there was any portion of it that was not admissible, it was the duty of the defendant to call the court's attention to the particular portions not admissible and object to such portions.

Further error is urged because the court refused to sustain an objection to certain testimony of the plaintiff as to the value of the use of his car of which he was deprived between the date of the collision and the date it was repaired because this item of damage was not pleaded in the bill of particulars of the plaintiff. During the course of the trial, the plaintiff asked the court for permission to amend his bill of particulars to conform to the proof. The record does not actually show that the amendment was made. Since the court admitted the testimony and refused to strike it, it will be presumed that the amendment was granted.

The defendant next complains of the court's instructions to the jury as to the liability of the defendant, the measure of damages, and as to the rules of the road pertaining to highways. We have examined the instructions, and think they state the law as applied to the particular facts in this case.

The judgment of the trial court is affirmed.

MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 42 C. J. p. 1077, §833; anno. 2 A. L. R. 888; 1 R. C. L. Supp. p. 732. (2) 4 C. J. p. 878, §2853.