## CARNES v. DITZENBERGER.

No. 21644. Opinion Filed April 25, 1933.

A. E. Montgomery, for plaintiff in error.

G. E. Conway, for defendant in error.

RILEY, C. J. This is an appeal from a verdict and judgment in favor of defendant in error, herein referred to as plaintiff, against plaintiff in error, in an action for damages growing out of a collision between two automobiles at a street intersection in the city of Tulsa.

In substance, plaintiff's petition alleges that while his automobile was being driven by his son and agent south on Elwood street, at a point where it intersects Third street, and after it had entered such intersection, defendant carelessly, negligently, and recklessly drove his automobile into said intersection from the west on Third street at a high and dangerous rate of speed, and without regard to the traffic, surface, and width of the streets, and struck plaintiff's automobile and demolished it, and so damaged it that it was beyond repair, to the damage of plaintiff in the sum of $300. Plaintiff also included a claim in the nature of exemplary damages in the sum of $1,000, but this item seems to have faded from the issues.

Plaintiff pleaded two sections of the traffic ordinance of the city of Tulsa relative to the rate of speed of vehicles being driven on the streets, and alleged violation thereof by defendant. In addition thereto plaintiff pleaded subsection 1, of section 29, of the ordinance, and alleged the violation thereof. In substance that subsection requires the driver of any vehicle involved in an accident, resulting in injury or death of any person or damage to any property, to immediately stop such vehicle at the scene, give his name and address, and the registration number of his vehicle to the person struck, or the driver or occupant of any vehicle collided with, and render any injured person reasonable assistance. Plaintiff also pleaded subsection 2, of said section, which requires the driver of any vehice involved in an accident resulting in injury to person or property, to report the accident to the chief of police within 24 hours, such report to be made on form provided by the chief of police, and further provides that such report shall be without prejudice, and:

"The fact that they have been made shall be admissible in evidence to prove a compliance with this section, but no such report or any part thereof or statement con-

tained therein shall be admissible in evidence for any purpose in any trial, civil or criminal, arising out of such accidents."

Plaintiff pleaded the violation of the latter subsection.

Defendant moved to strike out all the allegations with reference to the two subsections of section 29, above referred to, and all the allegations with reference to the violation thereof by defendant. The trial court at first sustained the motion to strike in part, but upon further consideration overruled the motion in its entirety. After an unsuccessful motion to strike certain other allegations, defendant demurred specially to the allegations above referred to as subsections 1 and 2, of said section 29, of the traffic ordinance. The demurrer being overruled, defendant answered by general denial and plea of contributory negligence. He also filed a cross-petition, in which he alleged, in substance, that the collision was due wholly to the negligence of the driver of plaintiff's car, and alleged certain damage and injury to himself and his property, and prayed for judgment against plaintiff in the total sum of $1,476.85. The particular items of his damage being alleged to be: Repairs to his automobile, $229.85; loss of the use of the automobile, 25 days, at $10 per day, $250.00; and for personal injuries to himself, $1,000.

The cause was tried to a jury and the court, among others, gave the following instruction:

"No. 7. You are instructed by the court, as a matter of law, that if you find from the evidence that the defendant while driving his Hudson car in an easterly direction upon West Third street at or about the intersection of Third and Elwood, drove his said car in a careless and negligent manner and ,ran into and collided with plaintiff's automobile, causing the damage and injury to said plaintiff's car, and you further find that said damage or injury was without fault on the part of the plaintiff, your verdict will be for the plaintiff and against the defendant in whatever amount you find to be the reasonabe value of plaintiff's car, not to exceed the sum of $292.40."

The jury returned into court with a verdict for plaintiff in the sum of $75. Thereupon the court, without withdrawing instruction No. 7, above quoted, stated to the jury:

"Gentlemen of the jury, I am going to give you an additional instruction, in view of the verdict you have returned, and send you back to the jury room:

"You are instructed that if you find and

believe from a fair preponderance of the evidence in this case that the collision which has been described to you by the evidence herein, which occurred at Third and Elwood in the city of Tulsa, Okla., was the direct and proximate result of negligence upon the part of the defendant, and you further find from the testimony that the plaintiff was without negligence, it will be your duty to return a verdict for the plaintiff for the sum of $292.50.

"On the other hand, if you find from the evidence that it was not the direct and proximate result of negligence upon the part of the defendant, or that the plaintiff was not without negligence in the premises, it will be your duty to return a verdict for the defendant.

"You are further instructed, gentlemen of the jury, that you will take this instruction in consideration with all the other instructions given you herein, that you will not single out this instruction or any paragraph of any instruction given you herein, but you will take all the instructions of the court and from all the instructions and all the evidence in the case, arrive at a just and true verdict in the case.

"Now, you jurors will understand that this instruction I have given you here is to be taken into consideration with all the other instructions in the case. I am giving you this additional instruction, and it is to be taken into consideration with all the others in this case, and upon all return what you find from a fair preponderance of the evidence in this case to be a just and true verdict under all the instructions and all the evidence in the case.

"I am going to send you back to the jury room with the bailiiff to consider your verdict."

This instruction was excepted to by defendant.

The jury after further consideration returned a verdict for plaintiff in the sum of $292.50.

The trial court stated as his reason for refusing to accept the first verdict that there was no evidence in the record upon which to base the same. If this be true, then the first instruction on the measure of damages should not have been given and clearly should have been withdrawn before giving the latter one.

The question of which of the two drivers was responsible for the collision was a very close one under the evidence. The evidence was in direct conflict on the material question of negligence. Each driver insisted that he was within the law, and that the other was guilty of negligence and careless driving. It is difficult to understand why the trial court should withhold the instruc-

148

tion which told the jury, in effect, that if a verdict was to be returned for plaintiff it should not be less than the sum of $292.50, until the court ascertained that the jury had decided the question of negligence in favor of plaintiff.

This court, in Marland Refining Co. v. Duffy, 94 Okla. 16, 220 P. 846, followed the rule cited in Berry on Automobiles (2 Ed.) par. 547, which is:

"When an automobile has been damaged by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. If it cannot be repaired, then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage."

If there is a conflict in the evidence as to whether or not an automobile is damaged beyond repair, then this question, like any other question of fact, is one to be determined by the jury from the evidence under proper instructions from the court, and the measure of damages is likewise governed by the determination of this question under proper instruction from the court.

The evidence of the plaintiff reasonably tended to show that his automobile was damaged beyond repair, or, at least, that the cost of repair would exceed the value of the automobile. Plaintiff's claim was that his automobile was worth $300 before it was damaged. The evidence is somewhat at variance as to the value of the wreckage, ranging from $5 to $10.

Only one witness testified as to the value of plaintiff's automobile before it was damaged. He was an automobile mechanic, but had never seen the automobile either before or after it was damaged. It was described to him with reference to name, model, year of manufacture, and approximate number of miles it had been driven. He testified that from this description, he was able to fix the market value of the automobile, which he placed at $300. On cross-examination, however, he admitted he was basing the value on what is ordinarily termed the "trade-in-value." That is the amount it could be traded in for on the purchase price of a new or other automobile. He testified:

"We don't value the car by mileage or use, it is valued by the year it is in. You take a car in at the value of the year after

'23, but if it is below '23, you can't even borrow $5 on that automobile."

He testified further that the automobile might not have been worth $100 to a man who wanted to buy.

The trial judge also stated in the presence of the jury that he understood automobiles have a value according to the different models. Plaintiff's automobile was referred to as a 1924 model. It is fairly clear that the court based the second instruction on the measure of damages entirely upon the testimony of this witness, and of what he stated his undertsanding of the law to be with reference to the value of used automobiles. That is, he based the instruction entirely upon the "trade-in-value" rather than the market value. The instruction is in conflict with the general rule on measure of damages where an automobile has been damaged by the negligence of another to the extent that it is beyond repair. Further, the instruction given is in direct conflict with instruction No. 7. It is also erroneous as invading the province of the jury, inasmuch as there is some evidence tending to show that the market value of the automobile before it was damaged was not to exceed the sum of $100.

The value that may be placed upon a used automobile by dealers in trade for a new or other automobile may be materially different from the reasonable market value.

The judgment must be reversed on account of the error in giving the above instructions.

It was also error to refuse to strike out the allegations in the petition with reference to the ordinance requiring the driver of an automobile to stop at the scene of the accident, render assistance, and requiring a report of the accident and the failure of the defendant to comply therewith.

Other errors are complained of, but, as they are not likely to occur in another trial, we deem it unnecessary to discuss them.

The judgment is reversed and the cause is remanded, with directions to grant the defendant a new trial.

CULLISON. V. C. J., and McNEILL, OSBORN. ANDREWS. and BUSBY, JJ., concur. SWINDALL. BAYLESS. and WELCH, JJ., absent.