## FIXICO et al. v. ELLIS.

No. 25560. May 21, 1935.

Rehearing Denied June 18, 1935.

Q. D. Gibbs and E. J. Gilder, for plaintiffs in error.

L. A. Wallace, for defendant in error.

PHELPS, J. Katie Fixico Freeman lived in Okmulgee, Okla., and owned an 8-cylinder Buick automobile. Rex McGilberry lived in her home. On July 12, 1931, Katie Fixico Freeman, accompanied by several other persons, went in said automobile, driven by Rex McGilberry, to an Indian stomp dance near Henryetta.

When they arrived at the place where the stomp dance was being held, Rex McGilberry was taken into custody by an officer and incarcerated in the city jail at Henryetta under a charge of intoxication. After remaining in jail a few hours, Katie Fixico Freeman went to the jail and procured his release. He then took the steering wheel of the car and started to drive the same back to Okmulgee, with Katie Fixico Freeman riding by his side in the front seat. He testified that he was driving about 45 miles per hour, another occupant of the car testified that he was driving between 60 and 70 miles per hour, and when about ten miles from Henryetta he drove the car into the rear end of another automobile, traveling in the same direction, in which Lewis Ellis was a passenger, upsetting the other car, throwing the occupants to the ground, and breaking the arm and otherwise injuring Lewis Ellis, who, being a minor, through his guardian, brought suit in the district court of Okmulgee county, alleging negligence and praying for damages for the injuries to his person.

He recovered judgment in the sum of $2,350, to reverse which this appeal is prosecuted.

Plaintiff in error first contends that the trial court erred in overruling her motion to strike the following allegations from plaintiff's petition, as redundant and prejudicial:

"That at the time of said collision when said driver was about to stop the defendant's car, for the purpose of concealing her identity, she commanded and directed the said driver to drive on, which he proceeded to do and speedily drove away from the place of the accident without ever having brought said car to a stop."

Section 231, O. S. 1931, provides that:

"If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby."

On this subject in Crump v. Lanham, 67 Okla. 33, 168 P. 43, this court said:

"Such a motion, like a demurrer, admits the truth of all facts well pleaded for the purpose of the motion, and should be granted only in clear cases. The granting or refusing of a motion to strike is a matter within the sound discretion of the court. 31 Cyc. 616."

The appellate courts have so often spoken

upon this question, that it may be said that it is a well-settled rule of law that the trial courts are vested with wide discretion in granting or refusing motions to strike, and such motions will not be sustained except where the defect is plain, and if there is a semblance of a cause of action or defense set up in the pleading or if it is germane to the issues, its sufficiency should not be determined on motion to strike. Quincy Showcase Works v. Briscoe, 126 Okla. 144, 259 P. 128; 21 R. C. L. 597.

It was the contention of plaintiff that while Katie Fixico Freeman's car was being driven by Rex McGilberry, she was sitting by his side directing the driving, and therefore any negligence of the driver became her negligence, and there was testimony offered to the effect that when defendant's car was catapulted into the rear of the car in which plaintiff was riding the driver of defendant's car was about to stop, that defendant directed him to speed away from the scene of the accident, and that, following her directions, he did so. The facts and the reason for pleading this section of the statute are so different from that in Carnes v. Ditzenberger, 163 Okla. 146, 21 P. (2d) 756, that it is not applicable here.

No doubt the trial court refused to strike this allegation and permitted this testimony to be introduced as tending to show, at least, to some degree, whose negligence was responsible for the injury, and it is our conclusion that the trial court committed no error in overruling this motion to strike.

Plaintiff in error next contends that the trial court erred in overruling her demurrer to plaintiff's petition and contends that, since she had been adjudged an incompetent and a guardian appointed for her, she had no power or authority to constitute Rex McGilberry her agent for the purpose of driving her automobile, and therefore she could not be held responsible for his acts as her agent in the absence of her legal capacity to constitute him such agent.

It is the contention of defendant in error that the question of agency has no place in the case, but that the liability of plaintiff in error arises by reason of a tort committed jointly by her and the driver of her automobile, and that her responsibility for that tort is fixed by the law that required her, as the owner of the car, while riding in the car driven by McGilberry, to insist and demand that he refrain from driving the car in a negligent manner.

Section 9405, O. S. 1931, provides that:

"A minor, or a person of unsound mind, of whatever degree, is civilly liable for a wrong done by him, in like manner as any other person."

There is merit in the contention of defendant in error that, inasmuch as the cause of action is based upon tort, the same obligation would rest upon plaintiff in error as an incompetent person as would rest upon her if she had never been declared incompetent, particularly in view of the above-quoted section of the statute. The duty imposed upon the owner of a car while riding with some one to whom he has given permission to drive the same has frequently been defined by the courts. A very illuminating discussion of that question is found in Randolph v. Hunt (Cal. App.) 183 P. 358. In that case the owner of the automobile had given permission for another man—Triggs—to drive his car to a neighboring town. The owner then decided to accompany him. On the way, because of the negligence of the driver, the injury complained of occurred and the owner of the car was held liable, and in the body of the opinion the following language was used:

"We think the foregoing may be summed up in these propositions: (1) The question of the alleged agreement with Triggs was submitted to the jury; it was resolved against appellant on conflicting evidence, and this finding cannot be reviewed by this court; (2) assuming the existence of the arrangement as claimed by appellant, there was nothing therein whereby appellant surrendered the right to control the car while he was a passenger therein; (3) the law imposed upon him the duty not to allow the driver to operate the machine in violation of the statute; and (4) under the circumstances it was his duty to direct and insist that the driver operate the machine with ordinary care and due regard to the safety of pedestrians."

In Harris v. Boling, 132 Okla. 17, 269 P. 274, we followed the rule laid down by the California court, and said:

"The defendant contends that he is not liable for any damage inflicted by his car upon the machine of the plaintiff, for the reason that he had loaned the car to Mr. Spiker, his employee, for his trip from Shawnee to Stillwater, but that defendant, after he had lent it for such purpose and before the trip began, upon the invitation of Spiker, changed his mind from what his purpose was at the time he lent the machine to Spiker and accompanied him to Stillwater; that he was the guest and invitee of Spiker, and for this reason he was in

no wise liable for what happened to plaintiff's car in the progress of the journey."

In the light of the foregoing it is our conclusion that the trial court properly overruled the demurrer to plaintiff's petition.

Plaintiff in error further complains that there was not sufficient evidence to hold plaintiff in error liable for the injury and that the court committed error in overruling plaintiff in error's demurrer to plaintiff's evidence and overruling her motion to direct a verdict in her favor. Under this assignment of error it is contended that plaintiff in error did not participate in any way in the management or driving of the automobile, and that in order to hold plaintiff in error liable there must have been evidence either that the driver was the agent of plaintiff in error or that she actually participated in the operation of the car. There is no evidence in the record showing any specific agreement between plaintiff in error and the driver of the car, but the evidence does disclose that she drove the car to the Henryetta jail, procured his release and turned the car over to him to drive to Okmulgee while she was riding by his side, and there is evidence that when the collision occurred, she immediately directed him to drive the car away from the scene of the accident, and this question was properly submitted to the jury under instruction No. 11, and the jury's verdict was against her.

In Allen v. Cubbison, 150 Okla. 116, 3 P. (2d) 677, in the first paragraph of the syllabus we used the following language:

"Demurrer to plaintiff's evidence is properly overruled, where plaintiff's evidence is such as to shift burden to defendant to introduce evidence to refute plaintiff's evidence."

We therefore conclude that this assignment of error is not well taken.

Plaintiff in error next complains of the instructions given by the court and of requested instructions offered and refused. We have carefully examined instructions given by the court and those offered by plaintiff in error which the court refused to give, and it is our conclusion that the instructions as a whole fairly and correctly presented the issues under the pleadings and the evidence and that there was no prejudicial error in the instructions given or in the refusing to give those requested.

The judgment of the trial court is affirmed and judgment is hereby rendered on the supersedeas bond.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.