## ELLIS v. FIXICO et al.

No. 25348.    Oct. 8, 1935.

L. A. Wallace, for plaintiff in error.

Q. D. Gibbs and E. J. Gilder, for defendants in error.

PER CURIAM. Plaintiff in error, on July 1, 1933, filed in the district court of Okmulgee county the following petition against the defendants in error:

"Comes now the plaintiff, J. L. Ellis, and for his cause of action against the above-named defendants, alleges and says:

"(1) That the defendant H. W. Metzger is the duly appointed, qualified and acting guardian of the person and estate of the said Katie Fixico, now Freeman, she, the said Katie Fixico, having been legally declared to be an incompetent person by an order of the county court of Okmulgee county, Okla.

"(2) That the said H. W. Metzger is hereby made a party defendant to this action in his official capacity as such guardian, and not in an individual capacity, for the purpose of representing and defending his said ward in this action and to defend his own interest as such guardian.

"(3) Plaintiff says that on Sunday, July 12, 1931, at or about the hour of 7:30 o'clock p. m. of said day, while driving and traveling northward in a Ford coupe automobile on the right-hand side of the paved highway, at a point or place about four miles south of the city of Okmulgee, Okla., on what is known as the Okmulgee-Henryetta paved highway, the said defendant Katie Fixico, now Freeman, while then and there acting by and through her driver, agent, servant and employee, one Rex McGilberry, and while personally present in said car and directing the operation thereof upon and along said highway, and while then and there operating, and while then and there causing said automobile to be operated and driven upon and along said highway, and while traveling north upon said paved highway in a Buick sedan automobile, then and there owned by the said defendant Katie Fixico, now Freeman, the said driver of said defendant's automobile did carelessly and negligently run into and strike the rear end of plaintiff's car, and thereby causing said car to be knocked into a ditch on the east side of said paved highway, and causing said car to be turned over and completely wrecked. and thereby causing to be inflicted upon the plaintiff serious personal injuries, as more particularly hereinafter set forth.

"(4) Plaintiff says that said collision

was caused by the negligence, carelessness and want of care of said defendant in causing and permitting the said driver of her automobile to drive and operate same in a reckless, dangerous, and excessive rate of speed, to wit, at a speed of more than 45 miles per hour, and by failing and neglecting to have said car under proper control in time to have avoided said rear end collision with the plaintiff's car; that the said driver of the defendant's car discovered plaintiff's car in plenty of time to have avoided said accident had he been traveling and driving at a reasonable rate of speed.

"(5) That said collision was caused without any fault or negligence on plaintiff's part, and was caused wholly on account of the carelessness and negligence of said defendant in permitting her car to be driven and operated in the manner as aforesaid.

"(6) Plaintiff further alleges that as a result of said collision he was severely bruised and injured internally, and sustained three fractured ribs, which caused him to suffer from bodily pain for nearly a month and a half immediately following said accident; that a part of said time he was under the care and treatment of a physician, causing him to incur an expense of $25 for medicines and medical treatment; that on account of his pain and suffering as a result of said personal injuries he has been damaged in the sum of $2,769.

"(7) Plaintiff says that because of said injuries he lost 16 days' work as a laborer on the public roads, for which work he was earning a wage of $3.50 a day; making a total damage on this account, the sum of $56.

"(8) Plaintiff further says that his automobile, which was a 1925 model 'T' Ford Coupe, of the reasonable market value of $150, was totally wrecked as a result of said collision, thereby causing him to be damaged in the further sum of $150.

"Wherefore, premises considered, said plaintiff prays judgment against the said Katie Fixico, now Freeman, and against the said H. W. Metzger, as her said guardian, for damages in the total sum of $3,000, and for the costs of this suit, and for general relief."

E. J. Gilder was appointed guardian ad litem for said defendant in error, Katie Fixico, now Freeman. Said guardian ad litem filed the following demurrer to said petition.

"Comes the defendant Katie Fixico, now Freeman, by her guardian ad litem, E. J. Gilder, and demurs to the petition of the plaintiff herein on the ground that said petition fails to state facts sufficient to constitute a cause of action against this defendant."

Said defendant in error H. W. Metzger also filed the following separate demurrer to said petition:

"Comes H. W. Metzger, one of the defendants herein, being the duly appointed, qualified and acting guardian of Katie Fixico, now Freeman, an incompetent, and leave of the court being first had and obtained, withdraws his answer filed herein heretofore, and separately demurs to the petition of the plaintiff filed herein, on the ground that said petition fails to state facts sufficient to constitute a cause of action against this defendant."

On August 12, 1933, the district court sustained both of said demurrers, to which ruling of the court the plaintiff excepted and the exceptions were by the court allowed. Plaintiff declined to plead further and elected to stand upon his petition, and the court thereupon dismissed said action at the cost of the plaintiff. From the said judgment sustaining said demurrers and the dismissing of said cause, plaintiff prosecutes this appeal.

"On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer." Danciger v. Isaacs, 82 Okla. 263, 200 P. 164.

Said petition alleges, among other things, that the automobile involved was owned by the defendant Katie Fixico; that the injuries complained of were caused wholly on account of the carelessness and negligence of said defendant in permitting her car to be driven and operated in a reckless manner; that one Rex McGilberry was the driver, agent, servant, and employee of said Katie Fixico; that said Katie Fixico was present in said car and was directing the operation thereof; that said Katie Fixico had been legally declared to be an incompetent person.

There is no distinction under the law of this state in regard to torts committed by competent and incompetent persons. Section 9405, O. S. 1931, provides that:

"A minor, or a person of unsound mind, of whatever degree, is civilly liable for a wrong done by him, in like manner as any other person."

The Supreme Court of the state of Oklahoma, in the recent case of Fixico et al. v. Ellis, 173 Okla. 5, 46 P. (2d) 519, held that when the owner of an automobile driven

by another becomes a passenger therein, in the absence of any agreement to the contrary, the owner has the right, and it is his duty, to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner and in violation of the law. When he has the opportunity to restrain the driver and fails to take advantage of it, he should be held responsible for the consequences.

Apparently said case of Fixico et al. v. Ellis involves the same defendants, and the action apparently grows out of the same accident. The holding in the case of Fixico et al. v. Ellis is adopted as applicable to the case at bar.

The court, therefore, for the reasons above stated, erred in sustaining the said demurrers to the petition. For the purpose of the demurrers the said petition stated a cause of action. We therefore conclude that the position of the plaintiff in error is well taken.

The judgment of the trial court, sustaining said demurrers and dismissing said cause, is reversed and the case remanded, with instructions to the trial court to proceed with said cause in accordance with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys Merle G. Smith, Harry F. Brown, and A. G. C. Bierer, Jr., in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Smith and approved by Mr. Brown and Mr. Bierer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.