## SANDERS, Adm'x, v. FIRST NAT. BANK OF PAULS VALLEY.

No. 28216. May 10, 1938.

Rehearing Denied June 14, 1938.

O. A. Cargill, Howard K. Berry, O. A. Cargill, Jr., and W. R. Farmer, for plaintiff in error.

Thos. H. Owen and Lynn Bullis, Jr., for defendant in error.

CORN, J. This is an appeal by the plaintiff in error, plaintiff below, from an order of the trial court sustaining a demurrer to her petition, in an action brought to recover damages for the death of Arnold W. Sanders, her father. Hereafter reference to the parties will be as in the trial court.

The amended petition alleged the defendant had constructed a sidewalk alongside its building and placed therein transparent glass squares, to facilitate lighting in the basement under the building, this for the sole use of the defendant. Plaintiff further alleged defendant carelessly and negligently permitted some of this glass to become broken and removed and although defendant knew or should have known of this defect, failed and neglected to repair same.

On December 15, 1936, plaintiff's decedent, who was forced to walk with an artificial limb and a crutch, was proceeding along this particular sidewalk when his crutch was inserted in this unguarded hole, causing him to lose his balance and fall violently against the building and sidewalk, resulting in a brain concussion producing cerebral hemorrhage of which he died.

Defendant's demurrer to the petition alleged a failure to state a cause of action, and the demurrer was sustained. Plaintiff declined to plead further, and judgment was entered for defendant, and from this judgment the plaintiff has appealed on the proposition that the trial court erred in sustaining the demurrer and entering judgment for the defendant.

The same general rule regarding a demurrer to the petition prevails in Oklahoma as in other jurisdictions. In the recent case of Schuman v. Williams, 176 Okla. 420, 57 P.2d 821, paragraph 1 of the syllabus states:

"A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true for the purpose of the demurrer, and where a pleading states facts upon which the pleader is entitled to any relief, under the law a general demurrer to the same should be overruled."

See, also, Ellis v. Fixico, 174 Okla. 116, 50 P.2d 162, to the same effect.

Proceeding on the assumption that the allegations of the amended petition are true, the question arises whether the defendant could be liable, and, if so, were the matters alleged in the petition set forth in such a manner that they constituted a cause of action?

The defendant upholds the propriety of the trial court's action, saying that he followed the general rule that no liability rests upon an abutting owner to maintain sidewalks in a state of repair, this being a duty which rests exclusively with the municipality and one which cannot be delegated. It is the defendant's contention that placing the glass in the sidewalk did not, at the time, create a dangerous condition, hence under the facts alleged the plaintiff's case cannot be brought within the rule as announced in the so-called "coal hole cases" in order to place liability upon the abutting owner.

The exact problem seems never to have been settled in this jurisdiction, although this question of the liability of an abutting

owner has been passed upon frequently in other states. The first of these cases is Trustees of Village of Canandaigua v. Wm. L. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, a case wherein the municipality sought to recover back from the owner of property the damages paid to an individual because of an injury he had sustained by stepping on a faulty grate in the sidewalk in front of defendant's store. In affirming judgment allowing the city to recover, the court said:

"It was built for his accommodation and was a benefit to his property only; and the law placed upon him the obligation of using due care to keep it in suitable and safe condition for the public to walk over as a part of the sidewalk. Proper construction, in the first place, was not enough to relieve him from liability; but the duty of inspection and repair continued while he owned and was in exclusive possession of the premises."

The next of these cases is Monsch v. Pellissier (Cal. 1922) 204 P. 224, a case based upon facts very similar to the case at bar. There, as in the instant case, a demurrer was sustained to the amended petition, and the plaintiff declined to plead further. In reversing the judgment of the trial court, the Supreme Court said, l. c 224:

"In the instant case the grating and glass became part of the surface of the sidewalk over which pedestrians could walk, but it performed an additional and distinct office, namely, the passage of light to the basement of the defendant's building, in which use it was, as such, no part of the sidewalk. The fact that what may be termed its secondary use was to provide light, as stated (the same being for defendant's sole benefit), should not relieve her from keeping the light well in safe repair, even though the primary use of the sidewalk is for the public to walk over, and is, in such use, under the supervision of the city. Moreover, as we have said, the complaint alleges, which upon demurrer must be taken as true, that the light wells were kept and maintained by defendant for her sole and exclusive use."

Another case to which attention should be directed is Security Savings & Commercial Bank et al. v. Sullivan (Court of Appeals, District of Columbia) 261 F. 461, also similar to the case at bar in that the injury resulted from a defective light well over a basement vault. In the opinion the court said the vault was an easement belonging to the land, and created an obligation upon the owner to keep it in safe condition and repair, for otherwise pedestrians, for whose benefit the sidewalk was maintained, might be injured, citing the Foster Case, supra. In the latter part of the opinion the court makes this statement:

"In the present case the defect is not in the basement, or the vault under the sidewalk, but in the sidewalk, which is used in common by the public and all persons entering and leaving the premises of defendant bank. While incidentally it furnished light to the vault, it, in fact, is a part of the sidewalk, which, by virtue of its permit from the city, the bank has obligated itself to keep in repair."

We are not unmindful of the numerous authorities cited in the defendant's brief, particularly the recent case of Callaway v. Newman- Merc. Co. (Mo.) 12 S. W.2d 491. holding that an abutting lessee was not liable for injury occasioned by pedestrian's heel catching in hole in sidewalk where glass prism had been broken out, where structure had been approved and accepted by the city, upon whom, said the Missouri court, rested the primary duty of maintaining in a reasonable state of repair.

However, we believe that to hold, under such circumstances, the primary duty of maintenance and repair is upon the city gives rise to a rule which is unsound, both in principle and result, since the ultimate outcome could only be the placing of a burden upon the city requiring it to provide or maintain public conveniences of this kind of a nature more elaborate and expensive than the usual necessities of the public would ever require.

Inasmuch, therefore, as these light wells in this sidewalk were constructed solely for the benefit and advantage of the defendant and its property and for a use independent and entirely apart from the ordinary, usual, and accustomed use of the sidewalk in question, the law puts the duty, to be discharged with ordinary, reasonable care, of keeping this walk in a proper and safe condition upon the defendant.

We hold the amended petition stated a cause of action and the court below erred in sustaining the demurrer thereto.

The judgment is reversed, with directions to the trial court to set aside the order sustaining demurrer, overrule the same, and proceed further consistent with the views herein expressed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.