## CITY OF NORMAN v. FINLEY.

### 97 P. 2d 761.

### No. 28809.   Oct. 24, 1939.

### Rehearing Denied Jan. 9, 1940.

J. D. Holland, of Norman, for plaintiff in error.

Williams, Cowan & Benedum, of Norman, for defendant in error.

HURST, J. This action was brought by Robert G. Finley, as plaintiff, to recover damages for injuries resulting from a defective sidewalk. The court overruled defendant's demurrer to plaintiff's petition, demurrer to the plaintiff's evidence, and motion for directed verdict, and submitted the cause to a jury, which returned a verdict for plaintiff, on which judgment was rendered. Defendant appeals.

1. Defendant's first contention, that the court erred in overruling its demurrer to the plaintiff's petition, is based on the proposition that the petition admits contributory negligence on the part of plaintiff, by alleging that plaintiff, while walking on the sidewalk alleged to be defective, was sorting and selecting mail, when without fault on his part he stepped into the hole alleged to have caused his injury. Other allegations in the petition described the hole or "jump off" in the sidewalk, and that it was partly filled with large fragments of concrete, knowledge thereof by defendant, and lack of knowledge by plaintiff, a substitute mail carrier engaged at the time of the accident in delivering mail. We do not consider the language sufficient to constitute an admission of contributory negligence, as it does not clearly negative the exercise of reasonable care on the part of plaintiff, and we think the demurrer was properly overruled.

2. Defendant, under its second and third propositions, urges that the court should have sustained the demurrer to plaintiff's evidence, and the motion for directed verdict at the close of the case. Briefly, the evidence showed that there was a gap of about 100 feet where there was no sidewalk, but only a footpath, and on at least one side of this gap, which was in the center of the block, was a concrete sidewalk in good condition. Plaintiff, while engaged in the delivery of mail, stepped from the end of the concrete sidewalk into the footpath, or portion of the block upon which there was no sidewalk. Some large pieces of concrete, presumably part of the curbing which had been broken up, had been piled there in a hole or depression, and plaintiff's foot caught between two pieces of this concrete embedded in the ground, and caused him, as he claimed, serious injury. The existence of this obstruction or defect, knowledge thereof by the city, and the fact that plaintiff was injured, and his lack of knowledge of such condition, are all substantially proven. As to plaintiff's contributory negligence and lack of care, we think the evidence such

that the court properly submitted the case to the jury. While plaintiff's testimony indicated that he perhaps was not paying as strict attention to the walk as the doctrine of reasonable care exacts, it is his contention that the injury was chiefly due to the pile of concrete fragments which the city had permitted to be placed at the end of the sidewalk, and not to the drop or hole at the end of the walk. The evidence shows that where plaintiff stepped off the concrete sidewalk the depression or drop was about 18 inches deep, and that such depression was partly filled with these large concrete fragments. This was not a trifling defect, as was the case in City of Tulsa v. Frye (1933) 165 Okla. 302, 25 P. 2d 1080, nor was it shown to be according to plan of construction by the city, as in Lewis v. City of Tulsa (1937) 179 Okla. 176, 64 P. 2d 675, both relied on by defendant. This court, in City of Hugo v. Nance (1913) 39 Okla. 640, 135 P. 346, held that a municipal corporation is charged by law with the duty of at all times keeping its streets and sidewalks in a reasonably safe condition for travel by the public, and that it cannot by any act of its own delegate this duty to another so as to escape liability for failure so to do. This duty plaintiff alleged had not been performed, and we think the evidence in this regard sufficient to justify the court in submitting that question to the jury. City of Kingfisher v. Williams (1928) 133 Okla. 260, 272 P. 363. The evidence as to the character and extent of plaintiff's injury was sufficient to take that question to the jury.

3. We have examined the instructions given and refused, and are of the opinion that those given by the court correctly stated the applicable law. The refusal to give defendant's requested instructions, many of which were substantially covered by those given, was not error.

Defendant's requested instruction No. 1, which the court refused to give, is to the effect that the law does not require defendant to construct sidewalks, and that it is not liable for failure to do so. This was not given, as no contention as

to such liability was made. Plaintiff's contention was that the city permitted a dangerous condition to exist by reason of the piling of concrete fragments in the hole into which he stepped.

Requested instruction No. 2 was substantially covered by given instruction No. 8. This involved presumption of injury by reason of the accident.

Requested instruction No. 3, on contributory negligence, is covered by given instruction No. 10.

Requested instruction No. 5, on failure to repair a defect from which injury could not reasonably be anticipated, and dealing also with comparative equality of notice of such defect as between plaintiff and defendant, was covered, insofar as the evidence justified such instruction, by given instructions 12, 15, 16, and 17.

Requested instruction No. 6, under the facts in this case, was properly refused, as the question of whether the city had funds to repair sidewalks was not involved.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, and DANNER, JJ., concur.