CORN v. CITY OF SAPULPA et al.

No. 29747. Feb. 4, 1941.

*110 P. 2d 290.*

L. J. Burt, of Sapulpa, for plaintiff in error.

T. L. Blakemore, of Sapulpa, for defendant in error.

PER CURIAM. This is an appeal by the plaintiff in error, plaintiff below, from an order which sustained the separate demurrer of the defendant in error, one of the defendants below, to the amended petition of said plaintiff in an action brought to recover damages for personal injuries alleged to have been sustained as the result of the negligence of Isaac Bristow, the other defendant below, in the operation of an automobile owned by the latter defendant and used by him in the performance of his duties as an employee of the defendant in error.

The controversy here is over the effect which should be given to the following language used in the amended petition, to wit:

"That on the 25th day of May, 1939, the defendant, Isaac Bristow, was the agent, servant and employee of the city of Sapulpa, defendant herein, working in the water department of said city, and it was his duty as such agent, servant and employee during the month of May, 1939, to read the several water meters and to collect delinquent water rents for said city of Sapulpa; that in order to facilitate said work of reading water meters and collecting delinquent water rents, said Isaac Bristow was using his own car and the city of Sapulpa was furnishing him gasoline for use in said car to do said work. That on said 25th day of May, 1939, at about 1:45 or 2 o'clock in the afternoon, the defendant, Isaac Bristow, while in the performance of said duties aforesaid, was driving his car, a 1934 Model Ford V-8, coach type, south on the west side of Main street in the city of Sapulpa, and at the same time the said Garland Anthony was driving a Terraplane automobile, 1935 Model, belonging to one W. O. Morgan, north on the east side of Main street in the city of Sapulpa; that as said Isaac Bristow approached the intersection of Cleveland avenue and Main street in said city he was driving his car at a high rate of speed, in excess of 25 miles per hour and in violation of the provisions of section 25 of ordinance 560 of the ordinances of the city of Sapulpa, and as he entered said intersection he suddenly, and without giving any signal or indication by outstretched arm or otherwise, and without slowing up the speed of his car, and in violation of the provisions of section 4 of ordinance number 560 of the ordinances of the city of Sapulpa, imprudently, negligently and carelessly made a U turn on Cleveland avenue and Main street driving his car immediately in front of and in the path of the Anthony car near the northeast corner of the intersection of Cleveland avenue and Main street causing said cars to collide and the Anthony car was suddenly diverted from the roadway into a telephone or light pole, and wrecked, and the plaintiff was injured by being thrown against the door, the instrument board and windshield of said car."

It is contended by the plaintiff in error that the foregoing language sufficiently charges the defendant in error with liability under the doctrine of respondeat superior. The defendant in error contends, on the other hand, that the allegation so made negatives any liability on its part, and shows clearly that in the operation of said automobile its codefendant was acting solely in his own behalf, and that the defendant in error had no control whatsoever over the instrumentality used in the commission of the tort. If this case were here for determination upon its merits, much that has been said in the case of McCarthy v. Souther, 83 N.H. 29, 137 Atl. 445, and other cases cited by the defendant in error would be pertinent. However, this is not the situation. We are called upon to determine only whether plaintiff in error alleged facts sufficient, if established by evidence, to support a judgment in her favor. It is well established that a petition challenged by general demurrer must be liberally construed in favor of the pleader. Sanders v. First National Bank, 183 Okla. 112, 80 P. 2d 207; Ellis v. Fixico, 174 Okla. 116, 50 P. 2d 162; Anderson v. Miller, 172 Okla. 480, 45 P. 2d 499. While an employer is not liable for the tort of an employee which is committed outside the scope of his employment and while engaged on a mission of his own (Phillips Pet. Co. v. Ward, 181 Okla. 462, 74 P. 2d 614), the employer may be called upon to answer for such tort where the act is one within the scope of the employment and is incident thereto. Retail Merchants Ass'n v. Peterman, 186 Okla. 560, 99 P. 2d 130; Patsy Oil & Gas Co. v. Odom, 186 Okla. 116, 96 P. 2d 302; Russell-Locke Super-Service Co. v. Vaughn, 170 Okla. 377, 40 P. 2d 1090.

The plaintiff alleged that Bristow was an agent and employee of the defendant in error, and that he was acting within the scope of his employment when he committed the alleged tort. The fact that plaintiff further alleged that the instrumentality which had been used in the commission of the tort was the property of the agent did not nega-

420

tive liability on the part of the defendant in error. Ellis & Lewis v. Trimble, 182 Okla. 414, 78 P. 2d 312. We are of the opinion, and hold, that the demurrer of the defendant in error should have been overruled. City of Norman v. Finley, 186 Okla. 329, 97 P. 2d 761. For the reasons above stated, the cause is reversed and remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

CORN, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.