KING v. J. E. CROSBIE, Inc.

No. 30640. Nov. 24, 1942.

*131 P. 2d 105.*

Lewis J. Bicking and C. R. Nixon, both of Tulsa, for plaintiff in error.

Hudson & Hudson, of Tulsa, for defendant in error.

CORN, V. C. J. Marietta King sued J. E. Crosbie, Inc., a corporation, to recover damages for personal injuries. Her amended petition alleged defendant was negligent in failing to keep the sidewalk abutting its property in proper repair, and with failure to erect warning signs or barricades to protect the public; that as a result of this failure plaintiff suffered personal injuries. Plaintiff further alleged that defendant's omissions were in violation of certain charter provisions and ordinances of the city of Tulsa, same being pleaded as part of the petition.

Defendant's demurrer was presented by oral argument and upon briefs, and resulted in the demurrer to plaintiff's petition being sustained, the trial court entering an order dismissing plaintiff's petition, thereby upholding defendant's contention that the property owner was not liable for injuries sustained by reason of defects in the sidewalks abutting his property, and that the duty was upon the city, and not upon the property owner, to maintain the sidewalks and erect barricades to protect the public.

From this ruling of the trial court plaintiff has appealed, setting up four propositions as grounds for reversal of the trial court's order. These four propositions are based upon two general questions presented by the demurrer. First, is the owner of real property in the city of Tulsa liable for damages caused by dangerous defects in the sidewalks abutting his property, under the charter provisions and ordinances relating thereto? Second, is the owner of real property in the city of Tulsa, under the ordinances and charter provisions, liable for damages resulting from failure to place warning signs and barricades around defects in the walks abutting his property to protect the public?

The plaintiff first contends that the city ordinances and charter of the city of Tulsa prescribed rules of care which property owners must exercise in respect to sidewalks. The original charter was amended in 1928, said amendment setting up, briefly stated, the following provisions relating to the streets and sidewalks: (1) By resolution of necessity the board of commissioners have authority to order the construction, reconstruction, or repair of sidewalks and the city engineer prepares plans detailing the nature of such work or repairs. (2) Upon approval of such plans a statement of the names and addresses of abutting property owners is prepared, sufficient to identify the property and specify the nature and costs of the work to be done. This is filed with the city auditor and notice is given the property owners by publication, notifying abutting property owners to carry out the work in compliance with the specifications within 30 days. (3) Provision is made for additional notice to property owners, cumulative in nature. The owner is given 30 days in which to comply with the notice, and if not done, then the board, by resolution, can order the work done. (4) When the city has this work done the costs are to be assessed against the property owner, after the board has so declared by resolution, directing legal notice of said assessment to be given to the property owner. (5) The property owner may then appear at a hearing and protest the assessment. (6) Upon hearing the board has the right to pass an ordinance assessing the costs of construction or re-

pair against the property owner and this assessment then becomes a lien against the property, to be enforced by suit against the property owner, or by sale.

Numerous cases involving the question of liability for injuries arising from defects in sidewalks have been before this court recently. City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080; Lewis v. City of Tulsa, 179 Okla. 176, 64 P. 2d 675; Sanders v. First Nat. Bank of Pauls Valley, 183 Okla. 112, 80 P. 2d 207; City of Norman v. Finley, 186 Okla. 329, 97 P. 2d 761; City of Tulsa v. Ensign et al., 189 Okla. 507, 117 P. 2d 1013. However, in none of these decisions has the question with which we are now confronted been raised, hence these decisions are not conclusive as to the matters raised herein.

In the early case of City of Hugo v. Nance, 39 Okla. 640, 135 P. 346, paragraphs 2 and 3 of the syllabus state:

"A municipal corporation is charged by law with the duty of at all times keeping its streets and sidewalks in a reasonably safe condition for travel by the public.

"No municipal corporation by any act of its own can devolve this duty on another so as to relieve itself from liability for an injury resulting from its failure to perform this duty."

This rule has been followed by this court in numerous cases. In the recent case of City of Norman v. Finley, supra, it was stated that a city cannot, by an act of its own, delegate its authority to keep the streets and sidewalks in a safe condition, and thereby escape liability for failure to do so.

In 25 Am. Jur., Highways, § 366, after showing that there is a conflict as to the power of the Legislature to make an abutting property owner liable for injuries to third persons, it is pointed out that:

" . . . It is generally held, however, that express statutory authority is necessary to transfer the liability of the municipality under such circumstances to the abutting property owners; and it has been said that nothing short of language unmistakably creating a liability on the part of the owner and making such liability supersede to any extent that of the municipality can legitimately be given that effect. The decided weight of authority is to the effect that statutes or ordinances which in terms merely require abutting owners to construct or maintain and repair sidewalks adjoining their premises, or to pay the cost thereof in case of default, do not impose liability upon such owners to travelers injured by reason of a defective walk."

No cases are called to our attention which serve to indicate that the rule in this jurisdiction is not within that announced as the weight of authority. It may be pointed out here, however, that two recent decisions from this court involving analogous fact situations are distinguishable from the present case, and so have no application here. In Sanders v. First Nat. Bank of Pauls Valley, supra, recovery was allowed against an abutting owner for injuries to a third person using the sidewalk. No issue was present as to charter provisions or city ordinances. The abutting owner had constructed light wells in the walk for its exclusive benefit, and the injuries were caused by a defect in the walk at that place. Therein we pointed out that such a use was for the abutting owner's exclusive benefit, entirely apart from the ordinary use to which the walk was put. For this reason liability was established—and not because the duty had devolved upon the property owner to maintain the sidewalk.

In the more recent case of City of Tulsa v. Ensign et al., the plaintiff sought to recover damages for injuries occasioned by tripping over a wire along the edge of the walk, placed there to prevent pedestrians from walking across the parking between the sidewalk and the street. The negligence alleged was that the city permitted this barrier to be erected in such a manner as to endanger the traveling public. In reversing a judgment for the plaintiff, we pointed out that the abutting property owner has a right to beautify such places and to protect them by barri-

cades without being called upon to answer in damages to one who left the sidewalk provided for the public safety in order to travel elsewhere. It should be noted that this is limited by the statement "unless the fence or barrier is so constructed as to be a menace and obvious danger to the pedestrian while using the sidewalk."

Plaintiff here urges that the fair inference to be drawn from this holding is that when an abutting property owner provides a sidewalk at his own expense, or is required to do so by ordinance, and same becomes dangerous, the owner shall be liable to answer in damages. We do not attribute such an inference to the language used, particularly in view of the fact that liability, if any, was to be founded upon the property owner's construction of what would amount to an obvious danger.

We conclude that, although the city placed the duty of constructing sidewalks and keeping same in repair upon the abutting property owners, as municipalities have the power to do, the city could not impose a liability upon the property owners for damages to an individual. City of Hugo v. Nance, supra. Although the city of Tulsa did impose this duty upon the defendant, it did not seek to impose its liability for damages upon the property owner. Derelict property owners, by the terms of the charter provisions and applicable ordinances, are liable only to the municipality for their failure to comply with such provisions. The question not being before us, it is unnecessary to broaden the scope of this opinion by any pronouncement as to the right of a municipality to attempt to transfer this liability to the abutting property owners.

Plaintiff also contends that a violation of the ordinances relating to construction and maintenance of sidewalks in the city of Tulsa, which were for the protection of the public, constituted actionable negligence. The argument in support of this contention is based upon the fact that the ordinances prevent the city from repairing sidewalks until the requirements of these ordinances as to the manner of proceeding have been complied with. Plaintiff urges that, inasmuch as under the requirements of these ordinances it would take the city some 60 days' time in which to comply with these requirements, it naturally follows that it was necessary for the city to enact ordinances requiring property owners to assume this duty, and thus a failure to comply with these ordinances constitutes negligence as a matter of law.

Ordinances such as we are here concerned with are generally held to create a duty enforceable only by the municipality, and are not to be construed as subjecting a property owner to liability for damages alleged to have resulted from a violation of such ordinance. See Restatement of the Law of Torts, vol. 2, § 288; 132 A. L. R., p. 873 et seq. 38 Am. Jur., Negligence, § 168, p. 842, states:

" . . . It seems to be uniformly held that an ordinance requiring lot owners to keep the sidewalks free from snow and ice, and imposing a penalty for the neglect or failure to do so, does not relieve the municipality of its duty with respect to the safety of its streets, and does not impose a civil liability on the lot owner in favor of a third person injured by reason of a violation of the ordinance. Moreover, authorities will be found for the proposition that the violation of an ordinance relating to the safety of premises does not constitute actionable negligence in itself. It has been held that if the duty prescribed by such an ordinance is plainly limited for the benefit of the public at large, an individual acquires no new rights by virtue of its enactment, and a violation of the ordinance is of no evidential value upon the questions of negligence."

Recourse to the multitude of decisions touching upon this question reveals that it may be said, as a general rule, that violation of such an ordinance does not constitute negligence as a matter of law, unless and until it is shown that the ordinance violated is the primary duty of the person sought to be charged. Such is not the situation now before us.

The rule to which we adhere declares that the primary duty to attend to the safety of the public streets and sidewalks rests upon the municipality. The fact that the ordinance in question imposed a penalty for noncompliance does not serve to destroy the fact that the ordinance was designed primarily to assist the city in discharging its obligation to protect the public at large.

We conclude that the trial court was correct in sustaining defendant's demurrer to plaintiff's petition.

Judgment affirmed.

WELCH, C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, HURST, DAVISON, and ARNOLD, JJ., absent.