IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                      **NO. 29,156**

PATRICIA SIPES,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
John W. Pope, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

    Defendant is appealing from a district court judgment and sentence entered after a jury found Defendant guilty of second degree murder, kidnapping, and aggravated arson. We issued a calendar notice proposing to affirm, and Defendant has responded with a memorandum in opposition. We affirm.

**IMPLIED ACQUITTAL**

Defendant continues to argue that her conviction for second degree murder was barred under the implied acquittal doctrine. Among other charges, Defendant was indicted on first degree murder [RP 1], and the jury was instructed on second degree murder as a lesser-included offense. [RP 90] At the first trial a jury acquitted Defendant on some of the charges, but announced that it was deadlocked on others, and a mistrial was declared. After the jury was discharged, the State filed a motion to clarify the jury verdict, in that it was under the impression that the jury had acquitted Defendant of first degree murder, but had deadlocked on second degree murder. [RP 135] The motion indicated that the jury had not been polled on this issue, and that the State and defense counsel wanted to recall the jury to clarify the matter. [RP 135] The jury was reconvened, after which the district court issued an order of mistrial stating that Defendant had been acquitted of first degree murder and the jury had deadlocked on second degree murder. [RP 139]

On appeal from the second trial, which resulted in Defendant's conviction for second degree murder and other crimes, Defendant argued in her docketing statement that it was reversible error for the jury not to have been questioned as to any agreement "with respect to the lesser included offenses" of Count 1. [DS 11] Defendant's argument was based on her claim that the jury was only questioned as to first degree murder, where they informed the court that they had indeed acquitted Defendant on this charge, but no questions were allegedly asked of the second degree murder charge. [DS 12] Defendant's memorandum in opposition is likewise predicated on the view that it is unclear whether the jury deadlocked on second degree

2

murder; however, as set forth below, we conclude that there was no implicit acquittal in this case.

As we observed in our calendar notice, we will presume that the district court erred in reassembling the jury nearly three months after it had been discharged. [RP 135, 138] *See State v. Rodriguez*, 2006-NMSC-018, ¶¶ 3-7, 139 N.M. 450, 134 P.3d 737 (discussing presumption of prejudice once the jury has been removed from control of the court). Nevertheless, we do not find it necessary to rely on the jury's delayed clarification of its verdict. Defendant's argument that the State could not retry her on the second degree murder charge is that the lack of clarification in the verdict in the first trial resulted in an "implied acquittal," because the district court failed to question the jury with respect to each alternative offense, as required by Rule 5-611(D) NMRA. Defendant's argument on appeal has been predicated on the claim that the jurors "were never asked as to their decision with respect to the lesser included offenses of second degree murder *or manslaughter*." [DS 12 - emphasis added] However, the jury was not instructed on manslaughter, but instead Count 1 provided for only two alternatives: first degree murder or second degree murder. [RP 84, 86-90] The jury received a stepdown instruction on Count 1. [RP 93] The record indicates that the jury in the first trial announced that it was deadlocked with respect to Count 1. [RP 154, No. 3] Under the implied acquittal doctrine, "failing to ascertain a deadlock as to each level of the charge that the jury is deliberating requires dismissal of all but the least of the lesser included charges submitted to the jury." *State v. Fielder*, 2005-NMCA-108, ¶ 12, 138 N.M. 244, 118 P.3d 752. As applied here, this

means that the State could retry Defendant on second degree murder because it was the least of the offenses instructed on Count 1. In addition, we do not believe that Defendant suffered any prejudice from the failure to poll the jury on Count 1, because, in light of the announced deadlock, deadlock on the second degree murder charge was the most favorable result of any inquiry. *See State v. Garcia*, 2005-NMCA-042, ¶ 22, 137 N.M. 315, 110 P.3d 531 (concluding "that, in cases in which first and second degree murder charges are submitted to the jury, a district court need only inquire whether the jury has truly deadlocked on the greater offense of first degree murder"). Because Defendant's state and federal constitutional arguments in her memorandum in opposition erroneously presume confusion in the first verdict, without disputing the basic facts set forth above, we conclude that there was no implied acquittal of second degree murder.

**SUFFICIENCY**

Defendant continues to challenge the sufficiency of the evidence to support her convictions for kidnapping and aggravated arson. [MIO 12] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support the conviction for kidnapping (principal or accessory), the

4

evidence had to show that Defendant took, restrained, confined or transported Victim, against Victim's will, to inflict death or physical injury. [RP 96] *See* UJI 14-403 NMRA. Defendant is specifically challenging the lack of evidence of intent. [MIO 13] A defendant's knowledge or intent generally presents a question of fact for a jury to decide. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820.

Here, even under Defendant's self-defense claim, which the jury rejected, she became aware of Victim's presence in the vehicle while she and Angel Esquibel were driving off in Victim's vehicle to burn it. [MIO 2] Jessica Casavos testified in the second trial that Defendant was the one who lit the car on fire. [DS 5-6] Although Defendant is challenging the credibility of this testimony by referring to prior testimony by Casavos [DS 14-15], this was a conflict to be resolved by the factfinder. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992). The jury could buttress this evidence with Defendant's acknowledged preparation of wiping down the vehicle, in that at a minimum she was an accessory to kidnapping. [DS 7] We therefore rely on the facts as stated in the memorandum in opposition, and in more detail in the docketing statement, to conclude that sufficient evidence was presented to support the kidnapping conviction.

In order to support the conviction for aggravated arson, the evidence had to show that Defendant set fire to Victim's vehicle, causing Victim to sustain an injury

creating a high probability of death. [RP 102] *See* UJI 14-1706 NMRA. Based on the evidence referred to above, we believe that the jury could reasonably conclude that, even if Defendant had not been the one who lit the fire, her actions supported the conviction as an accessory.

**INEFFECTIVE ASSISTANCE**

Pursuant to *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), Defendant contends that she received ineffective assistance of counsel. [MIO 14] This Court will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 114 N.M. 725, 727, 845 P.2d 819, 821 (Ct. App. 1992).

Here, Defendant is claiming that defense counsel should have made a timely objection to the district court's failure to direct the jury to clarify their decision with respect to the deadlock over Count 1. [MIO 14-15] However, as we explained above, the only benefit to Defendant would have been to clarify that the deadlock was over second degree murder, with an acquittal on first degree murder. Because Defendant was never re-tried on first degree murder, there was no prejudice from counsel's inaction.

**CUMULATIVE ERROR**

Defendant continues to raise a cumulative error claim. [MIO 16] "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 29, 126 N.M. 132, 967 P.2d 807. When there is no error, "there is no cumulative error." *State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211. Because we hold that there was no multiple error, we hold that the cumulative error doctrine does not apply.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**