NATIONAL HAIRDRESSERS' & COSME-TOLOGISTS' ASS'N, Inc., et al. v. PHILAD CO.

No. 155.

District Court, D. Delaware.

Aug. 5, 1940.

George B. Finnegan, Jr., (of Morgan, Finnegan & Durham), of New York City, and E. Ennalls Berl, (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for plaintiffs.

Arthur J. Hudson, (of Kwis, Hudson & Kent), of Cleveland, Ohio, and Herbert L. Cohen, of Wilmington, Del., for defendant.

NIELDS, District Judge.

### Motion to Dismiss.

The motion to dismiss is filed by defendant under Rule 12 (b) (6) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The grounds of the motion are:

1. The amended complaint fails to state a claim against defendant upon which relief can be granted under the declaratory judgments statute, in that, there is no actual controversy within the meaning of the law.

2. The National Hairdressers' and Cosmetologists' Association, Inc., as plaintiff is without capacity to sue on the grounds alleged in the amended complaint.

### Parties

Plaintiff, the National Hairdressers' and Cosmetologists' Association, Inc., hereinafter called "National", is a New York corporation. It is a non-profit company and has as members some five thousand hairdressing shops and beauty parlors throughout the United States. It acts for the promotion and protection of the common business interests of its members.

Plaintiff, Fred The Hair Stylist, Inc., hereinafter called "Fred", is a New York corporation engaged in the business of conducting a hairdressing shop and beauty parlor. It practices processes of permanent waving, including the so-called "Croquignole Permanent Hair Waving Process".

Fred is one of the members of National, and at the same time is a representative of a class so numerous that it is impracticable to bring them all before the court, to wit, approximately five thousand members and affiliated members of National, all of whom have been charged by defendant with infringement of defendant's letters patent Re 18,840; and there are common questions of law and fact affecting the several rights of the parties constituting said class and a common relief is sought.

Defendant, The Philad Company, hereinafter called "Philad", is a Delaware corporation.

### Amended Complaint

Plaintiffs charge in their amended complaint that this action arises out of a controversy over the validity and scope of U. S. Reissue patent No. 18,841 to Josef Mayer for "Hair Waving Method" of which patent defendant is owner.

The action is a class action. The amended complaint alleges: That plaintiffs are representatives of a class so numerous that it is impracticable to bring them all before the Court, to wit, approximately five thousand co-members and affiliated members of plaintiff National, substantially all of which co-members and affiliated members have been charged by defendant herein with infringement of its letters patent Re 18,841 as hereinafter set forth; and there are common questions of law and fact affecting the several rights of the parties constituting said class and a common relief is sought.

That on or about December 15, 1939, defendant mailed and otherwise circulated and published to substantially all hair dressing and beauty shops in the United States, including Fred and many other member shops of National, a printed notice demanding that said shops take out a license under said patent Re. 18,841 or be subject to suit for infringement of said patent. That said notice was in part:

"It is now apparent as indicated by both courts that the owner of the patent—The Philad Company—is required to license and collect its royalty from the user of the process, The Beauty Shop.

"Therefore, in order to avoid infringement of The Philad-owned Croquignole Permanent Hair Waving process patent, every beauty shop which gives a Croquignole Permanent Wave must obtain a license from The Philad Company. Otherwise, the shop will be subject to injunction proceedings and such action will be taken by The Philad Company. It does not matter whether the machine or machineless method is used or what type or kind of appliance is employed in the performance of this operation, a license must be taken out."

Plaintiffs further charge that subsequently, on or about February 20, 1940, defendant published and circulated throughout the trade and sent to plaintiffs, among others, a second notice again demanding that all beauty shops, including Fred and other member shops of National, take out a license from defendant under said patent Re. 18,841. The second notice was in part:

"Second Notice

\*    \*    \*    \*    \*

"To repeat what has heretofore been announced to the industry: Any beauty shop which practices the method of giving a Croquignole permanent wave under Mayer Patent No. Re. 18,841 must obtain a license in order to avoid infringement of the aforesaid patent and the possibility of injunction proceedings in consequence of such infringement."

In the amended complaint plaintiffs further charge that defendant has brought a multiplicity of infringement suits against beauty shops and hairdressers represented by plaintiffs. That defendant has filed 27 infringement suits in Ohio and 30 in California, in all 57 infringement suits, a substantial number of which have been brought against members or associated members of National. That defendant is about to bring additional suits in Tennessee, Illinois, Ohio, Missouri and many other places.

That said infringement suits are part of a concerted effort by defendant to collect license fees of $12 per year from each beauty shop in the United States and no single beauty shop is financially in a position to contest the suit against it although in the aggregate the amounts involved in the suits total substantially $60,000 per year. In its efforts to collect said license fees, that defendant has resorted to misrepresentation, to harassment and intimidation of shop owners and hairdressers, in flagrant violation of the decisions of the courts.

In said amended complaint plaintiff prayed for a decree that the reissue patent 18,841 be declared invalid and not infringed by plaintiffs or either of them.

On the motion to dismiss the amended complaint two questions are presented:

1. Is there a justiciable controversy between the parties authorizing action under the Declaratory Judgments Statute, 28 U. S.C.A. § 400?

2. Is the action a class action under Rule 23 (a) (3)?

From the allegations in the amended complaint the court finds that there is a controversy between Fred and defendant respecting the validity and infringement of reissue patent 18,841. The court further finds that such controversy is justiciable in character and consequently there is a justiciable controversy between those parties.

The capacity of National to sue may be disregarded. For, from the allegations of the amended complaint plaintiff, Fred, under Rule 23 (a) (3) has the right to appear as representative of the class of hairdressers composing the membership of National.

"Cases can be found which deny the propriety of this type of suit, which allow it only because of special circumstances, and which allow it as a matter of right. Cases which fall into the first two groups are usually those decided at an early date, while those falling in the last group are usually recent cases. This is to be expected, because, as we have seen, the birth and development of the class action has been inextricably bound up with

joinder of parties, and permissive joinder of parties based on a common question of law or fact is a modern development. It is therefore, natural that the spurious class action should be a modern development, and that as the Federal Rules provide for permissive joinder of parties they should also provide for the counterpart, the class action based on a common question of law or fact. If this is borne in mind, cases which have denied the propriety of this type of class action can now be regarded as historical material on the problem of joinder, but no longer as authority against this type of class action, since the joinder of parties now embraces joinder based upon a common question of law or fact." Moore's Federal Practice, Vol. 2, pp. 2242. Independence Shares Corporation v. Deckert, 3 Cir., 108 F.2d 51, 55.

Defendant's motion to dismiss will be denied.