## WOOLDRIDGE MFG. CO. v. R. G. LA TOURNEAU, Inc., et al.

### No. 5667.

United States District Court
N. D. California, Northern Division.

March 8, 1948.

Flehr & Swain, A. W. Boyken and Jeremiah W. Jackson, all of San Francisco, Cal., for plaintiff.

Webster & Webster, of Stockton Cal., Lyon & Lyon and Wm. Edward Hann, all of Los Angeles, Cal., for defendant.

LEMMON, District Judge.

Plaintiff seeks declaratory relief alleging, inter alia, that defendants claim that plaintiff has infringed and is infringing a certain patent for carrier scrapers and demand that plaintiff be adjudged to be a licensee of the patent.

Plaintiff contends that defendants' patent is invalid and that plaintiff is not answerable to defendants under the facts, and in Count 1, Par. 9a alleges that defendants come with unclean hands and that the reissue patent held by defendants was obtained by fraud (Par. 5g). In Count 2 plaintiff alleges a violation of the Sherman Anti-Trust and Clayton Acts 15 U.S. C.A. § 1 et seq. In so alleging the contention is made that the reissue patent concerned in this matter is illegal and was obtained as part of a conspiracy to restrain trade.

The defendants move to strike Paragraphs 9a and 5g of Count 1 and to dismiss all of Count 2. The ground upon which the motion to dismiss Count 2 is based is that "said count fails to state a claim upon which relief can be granted"; while the motion to strike Pars. 9a and 5g of Count 1 is predicated upon the claim "that the matter is redundant, immaterial, impertinent and scandalous".

Defendants' memoranda goes into the allegations of the complaint and argues that the various acts complained of are legal and proper, justified as of right under the monopoly granted by their patent. It is also set forth that plaintiff's allegations of fraud are not sustainable because there was no requirement or duty on defendants' part to inform the Patent Office in applying for the reissue patent that there had been a prior suit or of the court's findings concerning the original patent upon which the reissue was based; and that the statutory duty was imposed solely on the clerk of the court. 35 U.S.C.A. § 70.

█ Of necessity the legal sufficiency of the allegations of Count 2 is to be considered to determine whether the matters contained therein are relevant and constitute a cause of action.

█ Under the Federal Rules of Civil Procedure on a motion to dismiss, the complaint must be viewed in the light most favorable to the plaintiff, and a complaint should not be dismissed for insufficiency except where it appears to a certainty that the claim for relief could not be sustained under any state of facts which could be proved in support of it. Ivancik v. Wright Aeronautical Corp., D.C., 68 F. Supp. 270; Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A.

By their motion to strike defendants have raised the question as to the propriety of an allegation of fraud in obtaining a patent by one of the litigants where the suit is by private parties.

█ Speaking generally the motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure is one of limited scope. For example the court in Radtke Patents Corporation v. C. J. Tagliabue Mfg. Co., Inc., D.C., 31 F.Supp. 226 in denying a motion to strike portions of an answer states: "Such a motion is not favored, and will be granted only when the allegations have no possible relation to the controversy. * * * This is true even though the matter is shown to be false by the moving affidavits, as the motion to strike should not be granted if the court is in any doubt that it cannot avail as a defense, or if under any contingency it may raise an issue."

The earlier cases in patent matters hold that fraud in obtaining a patent, the existence of which is the basis of the suit, is collateral and not a proper issue. This view appears to be losing favor. In the Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, the Supreme Court states in effect that fraud in obtaining a patent is properly presented at any stage of the case. There the court was dealing with active fraud, but the same result should apply if fraud was committed by inaction when and if there is a duty to act.

█ The defense of unclean hands in patent suits is good. Radtke Patents Corp. v. Tagliabue Mfg. Co., supra; Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 54 S.Ct. 146, 78 L.Ed. 293.

In Oliver v. City of Shattuck, 10 Cir., 157 F.2d 150 at page 153, the court in discussing relief after judgment said: "courts have never hesitated to grant equitable relief against a judgment, if to execute it would give the judgment creditor an unconscientious advantage procured through his own fraud or some excusable mistake, or unavoidable accident on the part of judgment debtor." and cites as authority (among others) the Hazel-Atlas Co. v. Hartford case.

Again the Hazel-Atlas Co. v. Hartford decision is cited with approval by a court discussing the setting aside of a judgment obtained by fraud in Griffith v. Bank of New York, 2 Cir., 147 F.2d 899, 901, 160 A.L.R. 1340, saying: "And though it was once thought necessary that such fraud be 'extrinsic,' so that it could not have been considered in the original action, * * *, the later cases no longer seem to adhere strictly to even this limitation."

The Motion to Dismiss should be denied since the complaint being considered in a light most favorable to plaintiff is sufficient as a pleading to entitle plaintiff to relief. Kuhn v. Pacific Mut. Life Ins. Co. of Calif., D.C., 37 F.Supp. 102; Bowles v. Sauer, D.C., 6 F.R.D. 571.

The words used by Judge Goodman in Montgomery Ward & Co. v. Schumacher et al., D.C., 3 F.R.D. 368, 370, aptly express my attitude regarding defendants' motion to strike: "It does not seem to me that the allegations sought to be stricken have such a remote relationship to the cause of action as to require the granting of the motion under Rule 12(f)."

In the light of the evidence at the trial the attack made by defendants' motions may prove to be well founded. Therefore, defendants' motions to dismiss and to strike are denied, but under the provisions of Rule 12(d) of the Federal Rules of Procedure, without prejudice to their renewal at the time of trial.