COLLISHAW ET AL., APPELLANTS, *v.* AMERICAN SMELTING
& REFINING CO., ET AL., RESPONDENTS.

No. 8771.

Submitted January 26, 1948.   Decided March 11, 1948.

190 Pac. (2d) 673.

Mr. Sherman W. Smith and Mr. Victor H. Fall, both of
Helena, for appellants. Mr. Smith and Mr. Fall argued the
cause orally.

Mr. Edmond G. Toomey and Messrs. Toomey, McFarland & Wagner, all of Helena, for American Smelting & Refining Co.

Mr. Ralph J. Anderson and Mr. Albert C. Angstman, both of Helena, for South Dakota Mining Ass'n and Mr. A. T. Cooper. Mr. Anderson argued the cause orally.

MR. JUSTICE CHOATE delivered the opinion of the court.

This is an appeal by plaintiffs from a judgment of the district court dismissing plaintiffs' action following an order sustaining defendants' separate motions to strike from the files plaintiffs' entire second amended complaint.

On March 26, 1945, plaintiffs filed their first amended complaint in which they sought to recover $140,000 as damages resulting from an alleged conspiracy between the defendants whereby plaintiffs allege they were prevented from carrying out profitable mining operations under a lease between plaintiffs, decedent Howard B. Collishaw and S. C. Kennett as lessees and the defendants South Dakota Mining Associates and A. T. Cooper as lessors and were compelled to surrender said lease and discontinue said mining operations. To this first amended complaint defendants filed separate motions to strike various portions of the pleading.

On November 16, 1945, the Hon. C. F. Holt, the district judge then presiding, denied said motions. Thereafter on December 19, 1945, defendants filed separate demurrers to the amended complaint which were submitted to the court, but the record before us does not show whether they were ever ruled on. Later, on June 20, 1946, Judge Holt made separate orders sustaining the motions to strike which had previously been denied. The demurrers above mentioned were apparently pending at the time Judge Holt made his order sustaining defendants' motion to strike. Thereafter Judge Holt withdrew from the case and on June 20, 1946, the Hon. Guy C. Derry, district judge, assumed jurisdiction.

On September 14, 1946, plaintiffs filed a second amended complaint in which they again sought damages in the amount

previously complained of, allegedly resulting from the "unlawful combination and malicious interference" by the defendants in plaintiffs' mining operations referred to in their previous complaint. On October 3, 1946, the defendants filed separate motions to strike plaintiffs' entire second amended complaint from the files. These separate motions to strike were submitted to the Hon. Guy C. Derry, judge presiding, who, on July 16, 1947, sustained said motions. Accompanying Judge Derry's order was a memorandum opinion setting forth the grounds of his decision, the chief of which was that in his view of the case he was limited to the determination of whether said second amended complaint is "identical in substance and a repetition of the first amended complaint" which he held it to be. Following this ruling on defendants' motions to strike plaintiffs refused to plead further and on July 21, 1947, judgment for defendants with costs was entered, from which plaintiffs appeal.

Appellants assign three specifications of error, of which, in view of the conclusions we have reached, it is necessary to consider only the second. We shall not therefore discuss the error if any of Judge Holt's order of June 20, 1946, sustaining defendants' motion to strike plaintiffs' first amended complaint while the action was pending on a demurrer which, so far as the record before us discloses, was never ruled upon, and after Judge Holt had previously overruled said motion to strike.

As we view it the controlling question on this appeal and the only one requiring determination is the legality of Judge Derry's orders of July 16, 1947, sustaining defendants' separate motions to strike plaintiffs' second amended complaint on the ground that same was identical in substance with and a repetition of the first amended complaint theretofore stricken and hence sham and frivolous and an abuse of the power of amendment. In his memoranda accompanying his ruling, Judge Derry expressly states that he considered the second amended complaint identical in substance with and a repetition of the first amended complaint and that he sustained the motion to strike on that ground.

Discussing the subject of repetition of previous allegations in an amended pleading, the author of 49 C. J. at page 692, section 982, states the law as follows: "An amended pleading which is substantially a repetition of a former pleading may be stricken from the files, especially if the original has already been held bad on demurrer, or on a former motion to strike * * *. But the motion will not be granted where the amended pleading contains additional facts, as well as fuller and more explicit statement of those in the original pleading, or where, although re-pleading matters already held bad, it so couples them with allegations of new matter that the whole is properly pleaded." (Citing authorities.)

In 41 Am. Jur., page 532, section 354, the law is stated as follows: "A motion to strike is addressed to the sound discretion of the court, and ordinarily, the refusal to grant it will not be disturbed, unless it clearly appears that the trial court's discretion has been abused. However, it is recognized that striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the administration of justice. The remedy will be granted only when the defect is plain, for where there is a semblance of a cause of action or defense set up in the pleading, its sufficiency cannot be determined on motion to strike it out." Citing Randall v. Mickle, 103 Fla. 1229, 138 So. 14, 141 So. 317, 86 A. L. R. 804; Fixico v. Ellis, 173 Okl. 5, 46 Pac. (2d) 519; Wiley v. Harrison, 105 Okl. 280, 232 Pac. 816, 38 A. L. R. 1408, and other authorities.

In the case at bar, while it must be conceded that there is a marked similarity between the first and second amended complaints, we have compared the pleadings with care and it is our conclusion that the second amended complaint cannot be regarded as sham nor can it be said to be a mere repetition of the first pleading. The following comparisons of the two pleadings will indicate the reasons for our conclusions. (For brevity we refer to the first amended complaint as pleading No. 1 and to the second amended complaint as pleading No. 2.)

Pleading No. 1, paragraph VII, merely alleges that Howard B. Collishaw and S. C. Kennett, acting as copartners, operated the mining claim under the lease until the date of the death of Collishaw. Paragraph VII of pleading No. 2, after repeating the above paragraph, adds the following: "That during the time from December 1, 1941, to December 25, 1943, the said copartners, H. B. Collishaw and S. C. Kennett, were making and would have continued to make large profits and gains in the mining of ores from the within mentioned Evergreen Quartz Lode Mining claim but for the grievances committed by the defendants as hereinbefore alleged; that in the prosecution of said mining operations mentioned herein, the said Collishaw and Kennett had prior to December 25, 1943, mined ores to the value of approximately $17,000 and sold same to the defendant American Smelting and Refining Company and had used all of said proceeds save only living expenses in doing development work in and upon said mining claims and in the general furtherance of said mining operations and that all of the foregoing defendants herein well knew."

Pleading No. 2, paragraph VIII, contains the following allegation which does not appear in pleading No. 1: "That defendants sold the ores mentioned in the regular course of business to defendant American Smelting and Refining Company." Pleading No. 1, paragraphs XI, XII, and XIII, contains the important allegation concerning the alleged "conspiracy" which was the basis of plaintiff's action. The allegations of the same numbered sections of pleading No. 2 differ quite materially from those of pleading No. 1. Thus, paragraph XI of pleading No. 2 asserts that the refusal of the smelter company to pay the money which they had tied up was "in pursuance of said combination." This is a variation from the allegation in pleading No. 1.

These and other points of dissimilarity compel us to the conclusion that the two pleadings are not identical and that the learned trial judge was in error in so holding. The plaintiffs are entitled to have their second amended complaint reinstated and, if they are so advised, tested as to its sufficiency to state

a cause of action, a question which, so far as the record before us shows, has never been passed upon, and which was not before Judge Derry when he ruled on the motion to strike.

The cause is therefore remanded to the trial court with direction to proceed in accordance with the views herein expressed.

Associate Justices Angstman, Gibson and Metcalf concur.

MR. CHIEF JUSTICE ADAIR:

I concur in the remanding of this cause to the district court for further proceedings.

Upon the denial on November 16, 1945, of the defendants' separate motions to strike plaintiffs' amended complaint, the defendants filed separate demurrers to such amended complaint. The filing by defendants of their separate demurrers constituted a general appearance and waives defendants' objection to any defects in the amended complaint attackable only by motion. State ex rel. Bingham v. District Court, 80 Mont. 97, 257 Pac. 1014. Hence, on June 20, 1946, when the trial court assumed to make separate orders sustaining defendants' separate motions to strike, which had previously been denied, the motions to strike had become dead letters and were entirely out of the case. Not only had they been ruled upon and ordered denied seven months before but, had they not already been effectively disposed of, they were waived by the filing on December 19, 1945, of defendants' demurrers. State ex rel. Bingham v. District Court, supra; State ex rel. Westlake v. District Court, 119 Mont. 222, 167 Pac. (2d) 588, 163 A. L. R. 911. Thus the court's order of June 20, 1946, assuming to sustain defendants' motions to strike, which motions were directed at issues not then before the court but which had long since been determined and removed from the case, are void and of no effect.

While the case was pending with the demurrers to the amended complaint undetermined, plaintiffs on September 14, 1946, filed a second amended complaint and defendants challenged same by filing separate motions to strike the pleading from the files. The judge theretofore presiding withdrew from the cause and another district judge assumed jurisdiction and on July

202

16, 1947, made an order sustaining defendants' motions to strike for the reason that the second amended complaint is identical in substance and a repetition of the first amended complaint which the former judge had ruled should be stricken and by which former ruling the second judge felt himself found. As before stated, the former ruling assumed to determine matters not before the court and issues long since removed from the case and, being void, the ruling and order neither bound the second judge nor any one else.