CITY OF CHICAGO, a municipal corporation of the State of Illinois, Plaintiff,

v.

ALLEN BRADLEY COMPANY et al., Defendants.

Civ. A. No. 62 C 194.

United States District Court
N. D. Illinois, E. D.

April 6, 1963.

Plaintiffs' counsel:

John C. Melaniphy, Chicago, Ill. (Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Chicago, Ill.

Defendants' counsel:

Hammond E. Chaffetz, John C. Butler, William H. Van Oosterhout, William R. Jentes, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Westinghouse Electric Corp.

John T. Chadwell, Richard M. Keck, Snyder, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., for General Electric Co.

Holmes Baldridge, Stiefel, Greenberg, Burns & Baldridge, Chicago, Ill., for Allis-Chalmers Mfg. Co.

Edward R. Johnston, Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., for Allen-Bradley Co., Clark Controller Co., Cutler-Hammer, Inc., McGraw-Edison Co., and Square D Co.

Charles M. Price, Robert C. Keck, Valentine A. Weber, Jr., MacLeish, Spray, Price & Underwood, Chicago, Ill., for Carrier Corp. and C. H. Wheeler Mfg. Co.

Earl E. Pollock, Frederic S. Lane, Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, Chicago, Ill., Jacob Imberman, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Federal Pacific Electric Co.

John Paul Stevens, Norman J. Barry, M. I. Mishkin, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., Lester Kissel, Meyer, Kissel, Matz & Seward, New York City (E. F. Wentworth, Jr., New York City, of counsel), for Foster Wheeler Corp.

Timothy G. Lowry, Owen Rall, Elroy C. Sandquist, Jr., Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., Owen Brooke Rhoads, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for I-T-E Circuit Breaker Co.

Harold T. Halfpenny, Halfpenny, Hahn & Ryan, Chicago, Ill., Joseph W. Burns, Austin, Burns, Appell & Smith, New York City, for Ingersoll-Rand Co.

Roland D. Whitman, Joseph A. Conerty, Ross, McGowan & O'Keefe, Chicago, Ill., for Joslyn Mfg. & Supply Co.

W. Donald McSweeney, Mitchell S. Rieger, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., William H. Ferrell, Keefe, Schlafly, Griesedieck & Ferrell, St. Louis, Mo., for Moloney Electric Co.

Jacob H. Martin, Sydney G. Craig, W. B. Martin Gross, Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for H. K. Porter Co., Inc.

W. Donald McSweeney, Mitchell S. Rieger, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., for Sangamo Electric Co.

Edward R. Adams, Miller, Gorham, Wescott & Adams, Chicago, Ill. (Mac Asbill, Sutherland, Asbill & Brennan, Washington, D. C., of counsel), for Southern States, Inc. (f/k/a Southern States Equipment Corp.).

W. Donald McSweeney, Dallstream Schiff, Hardin, Waite & Dorschel, Chicago, Ill., R. Walston Chubb, Philip A. Maxeiner, Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Wagner Electric Corp.

Brainerd Chapman, Chicago, Ill., Gallop, Climenko & Gould, New York City, for Worthington Corp.

ROBSON, District Judge.

On January 18, 1962 the City of Chicago instituted suit for treble damages and cost of suit[1] against twenty-one manufacturers of electrical equipment. Plaintiff seeks recovery, both individually and as the representative of a "spurious"[2] nation-wide class of municipalities similarly situated, for any injuries sustained as a result of violations by defendants of Section 1 of the Sherman Act.[3] This is one of more than eighteen hundred complex suits seeking treble damages which were engendered by the return of twenty-one indictments by Philadelphia Grand Juries in 1960 against manufacturers of electrical equipment and their employees for violations of the antitrust laws.

The complaint in this case is based on two alternative causes of action both of which incorporate class action allegations. The *first cause* complains that seven of the defendants and certain named and other unnamed co-conspirators engaged in a unitary or general combination and conspiracy in unreasonable restraint of trade in the electrical equipment industry. The *second cause* is subdivided into seven counts, each of which alleges a separate conspiracy in a particular product line of electrical equipment.

On July 23, 1962 defendants moved to dismiss the class action aspects of this suit and to strike all allegations relating thereto. The motion was made pursuant to Rules 12 and 23. Plaintiffs have chosen not to contest this motion as it relates to the second cause of action,[4] and the court can see no harm in permitting these allegations to be stricken. Thus, remaining for decision is defendants' motion to dismiss the class action aspects of the general conspiracy cause and to strike all allegations relating thereto.

I. *Motions to Strike Not Favored.* The emphasis of modern Federal practice is upon liberal pre-trial discovery. Motions to strike pleadings during the discovery stages have not been favored by the courts under the present Federal discovery rules. The dilatory nature of these motions in the framework of the modern rules has received unfavorable judicial comment.[5] The burden of the movant has been phrased in terms of showing that the pleading has no possible relation to the controversy or that the remedy is required for purposes of justice.[6] The showing that the remedy is required for purposes of justice is usually equated with requiring movants to demonstrate prejudice to their case if the attacked allegations are permitted to stand.[7] Defendants do not press this type of attack here. No mention is made of any possible resulting prejudice from these class action allegations. Rather defendants' thrust is directed to subjecting plaintiff's class action allegations to scrutiny in light of the technical class action requirements of Rule 23(a) (3), Federal Rules of Civil Procedure. Thus, defendants

1. Section 4 of the Clayton Act, 38 Stat. 731 (1914), 15 U.S.C. § 15.

2. Rule 23(a) (3), Federal Rules of Civil Procedure.

3. 15 U.S.C. § 1.

4. Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss the Class Action and to Strike all Allegations Referring to such a Class, at p. 1 (filed December 6, 1962).

5. Boerstler et al. v. American Medical Association and General Electric Company, 16 F.R.D. 437, 445 (N.D.Ill., 1954).

6. "Partly because of the practical difficulty of deciding cases without a factual record

it is well established that the action of striking a pleading should be sparingly used by the courts. * * * It is a drastic remedy to be resorted to only when required for the purposes of justice. * * * The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. * * *" Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (C.A.6, 1953).

7. See, e.g., Boerstler v. American Medical Association and General Electric Company, 16 F.R.D. 437, 445 (N.D.Ill., 1954) and Maschmeijer et al. v. Ingram et al., 97 F.Supp. 639, 641 (S.D.N.Y., 1951).

argue that plaintiff has not defined a proper class for which a class action may be brought, and that, even if this non-existent class is in fact a class, the plaintiff does not adequately represent such class.

■ II. *The Class.* Defendants' major argument is that the complaint is too broad and defines not one but numerous classes. By emphasizing the product line conspiracies alleged in the second cause, defendants cast plaintiff's case as asserting numerous and individual product line conspiracies. However, this fails to take account of the alternative character of plaintiff's pleading. In the first cause plaintiff is attacking a unitary conspiracy in the industry. Assuming the existence of this general conspiracy, the real issue presented is whether it could have affected plaintiff and other municipalities in a sufficiently similar manner to constitute a class for purposes of Rule 23(a) (3). Defendants have failed to point out any significant distinction among members of this group of municipalities. Plaintiff, on the other hand, has pointed out several meaningful similarities: (1) the group is composed of municipal corporations performing essentially similar public functions; and (2) the group generally utilizes a like method in awarding contracts, the sealed bid. It is the essence of plaintiff's case that defendants conspired generally to fix sealed bids on jobs for municipalities, and thus, sought to defeat free and open competition which is perhaps the major objective of the sealed bid. These similarities, when coupled with the allegations that members of the class were injured by virtue of the unitary antitrust violations of defendants, are certainly more than sufficient to constitute a so-called spurious class as defined by the Court of Appeals for this Circuit. The language of that Court in Kainz et al. v. Anheuser-Busch, Inc., et al., 194 F.2d 737, 741–742 (C.A. 7, 1952), cert. den., 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638, is decisive on this point:

" * * * [W]e think there can be no question but that it is the law of this circuit that persons claiming to have been injured in their respective businesses by another's conspiracy to violate Sections 1 and 2 of the Anti-trust Act constitute a so-called spurious class for which less than the full number of injured persons may maintain a Class suit under Rule 23(a) (3), provided plaintiffs will adequately represent the class. * * * * "

■ Defendants also argue strenuously that the separate purchases by different municipalities of different equipment (some of it custom built) at varying prices and on separate occasions are factors of sufficient importance to defeat the unity of the class. This argument is strikingly similar to one rejected in Kainz, supra, at p. 743, and must here be refused for the same reasons:

"Thus, though the purchases were made by plaintiffs separately and apart from each other, at different times, in different quantities and for different amounts and, consequently, the damage to each is different, plaintiffs have charged one continuous consistently discriminatory plan extending over the years, whereby each of them was damaged in the same way, for the same reason, in the same manner, but in a different amount. In other words, it is the contention of plaintiffs that, because of one continuous, allegedly illegal practice carried on for a number of years, each of them has been damaged in the same way. Their averments, it seems to us, make out a case of an 'integral core,' which defendants assert is necessary in order to permit a spurious class suit. They present, we think, common questions of law and fact; they set up causes of action growing out of the same 'series of transactions or occurrences', thus meeting the requisites of Rule 20(a) as to joinder and of

Rule 23(a) (3) permitting members of a spurious class to maintain a representative class action." [8]

See further the discussion by the Court of Appeals for the Second Circuit in Nagler, et al. v. Admiral Corporation, et al., 248 F.2d 319, at p. 327 (C.A. 2, 1957); and by this court in State of Illinois et al. v. Brunswick Corporation et al., 32 F.R.D. 453 (N.D.Ill.1963).

III. *Adequacy of Representation.* The language of Rule 23(a) [9] and the case law of this Circuit [10] require the trial court to find that plaintiff or plaintiffs adequately represent the class if the class action is to be maintained.

In Pelelas v. Caterpillar Tractor Co., 113 F.2d 629, 632 (C.C.A. 7, 1940), cert. den., 311 U.S. 700, 61 S.Ct. 138, 85 L.Ed. 454, the Circuit Court of Appeals found inadequacy of representation from such factors as (1) plaintiff's lack of substantial interest in the outcome of the litigation, (2) plaintiff's inability to show mutual interest in the outcome of the litigation on the part of other members of the alleged class, and (3) poor management of the case and lack of availability of counsel.

■ Guided by this outline the court has concluded that no showing of inadequacy of representation has been made in this case. Affirmatively, plaintiff has shown that (1) it has asserted a substantial interest in the litigation, (2) other members of the class are similarly interested, and (3) its lawsuit will be energetically maintained by experienced counsel. These factors all indicate that the City of Chicago will fairly insure the adequate representation of the class. The second factor noted above is evidenced by the actions of 135 of the possible intervening municipalities in filing suits similar to the second cause of this action, and by the actions of the organization of municipalities known as the National Institute of Municipal Law Offices (NIMLO) in financing investigations into the background of this litigation.[11]

The impelling need in this multiple litigation situation is to minimize possible duplication. If there be discretion in the court respecting the maintenance of a class suit,[12] the court concludes that such discretion should be exercised in favor of allowing the class aspect of the first cause of this action.

■ Intervention in a spurious class action is permissive rather than as of right. Rule 24(b) (2) of the Federal Rules of Civil Procedure explicitly provides for the permissive nature of intervention where the cohesive element in-

8. This statement should clear up any misunderstanding which may have been created by placing emphasis on contemporaneous injuries following the language of Weeks et al. v. Bareco Oil Co. et al., 125 F.2d 84, 88 (C.C.A.7, 1941): "Strong and persuasive reasons favor the extension of the class suit theory to include a suit to vindicate the rights of several persons *contemporaneously* injured by a criminal conspiracy effectuated by the same conspirators and directed against a specific class of individuals. * * * *" (Emphasis supplied.)

9. " * * * one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued * * *." Rule 23(a), Federal Rules of Civil Procedure.

10. Pelelas v. Caterpillar Tractor Co., 113 F.2d 629, 632 (C.C.A.7, 1940), cert. den., 311 U.S. 700, 61 S.Ct. 138, 85 L.Ed. 454;

Weeks et al. v. Bareco Oil Co. et al., 125 F.2d 84, 93 (C.C.A.7, 1941); Kainz et al. v. Anheuser-Busch Inc. et al., 194 F. 2d 737, 744–745 (C.A.7, 1952), cert. den., 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638.

11. See, Defendants' Brief in Support of Motion to Dismiss the Class Action Brought on Behalf of Municipalities Other than the City of Chicago and to Strike All Allegations Referring to Such Class, at pp. 17–19 and Appendices A, B and C.

12. See, Weeks et al. v. Bareco Oil Co. et al., 125 F.2d 84, 93 (C.C.A.7, 1941); Willie et al. v. Harris County, Texas, et al., 202 F.Supp. 549 (S.D.Tex., 1962); Smith v. Abbate et al., 201 F.Supp. 105 (S.D.N. Y., 1961); Kansas City, Missouri, et al. v. Williams et al., 205 F.2d 47, 52 (C.A. 8, 1953); Nagler et al. v. Admiral Corporation et al., 248 F.2d 319 (C.A.2, 1957).

volved is a common question of law or fact. Case law is also in accord with this understanding of the relationship between Rules 23(a) (3) and 24(b) (2). See, Shipley et al. v. Pittsburgh & L. E. R. R. Co., 70 F.Supp. 870 (W.D.Pa., 1947); and the discussion on point in National Hairdressers' & Cosmetologists' Ass'n, Inc., et al. v. Philad Co., 34 F.Supp. 264, 266–267 (D.Del., 1940).

IV. *Order.* It is ordered that (1) defendants' motion to dismiss the class action as it relates to the second cause of action and to strike all allegations relating thereto is granted, (2) this portion of the complaint is hereby dismissed and such allegations are stricken without need for further action on the part of any of the parties, and (3) defendants' motion to dismiss the class action as it relates to the first cause of action and to strike all allegations relating thereto is denied.

