Lennie **THORPE**, Adm'r, etc., Plaintiff,

v.

**W. L. HARPER COMPANY et al.,**
Defendants.

**No. 435.**

United States District Court
E. D. Kentucky,
at Jackson.
Dec. 18, 1963.

John L. Cox, Stanton, Ky., J. Douglas Graham, Campton, Ky., for plaintiff.

Harbison, Kessinger, Lisle & Bush, Denney & Landrum, E. R. Denney, Lexington, Ky., O. J. Cockrell, Jackson, Ky., for defendants.

HIRAM CHURCH FORD, Senior District Judge.

This case is submitted upon the Plaintiff's motion to strike from the separate Answer of Defendants Kenneth Ray Truell, D. M. Brakebill and H. B. Brookshire, partners doing business as Brakebill Trucking Company, the First, Second and Fifth defenses set forth therein and all sub-paragraphs thereunder on the ground that such defenses and paragraphs do not state a defense to this action. The Defenses sought to be stricken are as follows:

## "FIRST DEFENSE

"The Court should dismiss this action or in lieu thereof quash the return of service of summons on each of these defendants on the ground that the process is insufficient or improperly served on these defendants for the following reasons:

"1. The only summons issued in this action against any of these defendants occurred when the Clerk of the Wolfe Circuit Court, Wolfe County, Kentucky, issued summons against these defendants and directed same to the Sheriff of Franklin County, Kentucky. Thereafter, the Sheriff of Franklin County, Kentucky, executed these summons by delivering a true copy to the Secretary of State of Kentucky, together with an attested copy of the plaintiff's complaint. Thereafter, said Secretary of State mailed same to these defendants at the addresses given in the complaint.

"2. At all times referred to in the complaint, and at the time of service of process herein, defendants were nonresidents of the State of Kentucky, and were, and are citizens and residents of the State of Tennessee.

"3. The accident referred to in the complaint did not occur upon a public highway nor did said accident arise out of the use of a public highway within the State of Kentucky, by any of the defendants.

"4. None of these defendants have been personally served with process in this action and the only process served upon them has been obtained by constructive service pursuant to Chapter 188 of the Kentucky Revised Statutes.

"5. Chapter 188 of the Kentucky Revised Statutes does not authorize constructive service on nonresident motorists where the accident does not occur on nor arise out of the use of a public highway in this state.

"6. The complaint fails to state a claim on which relief can be granted against these defendants.

## "SECOND DEFENSE

"The Wolfe Circuit Court and this Court lack jurisdiction over the person of these defendants for the reasons set forth in paragraphs 1 through 5 of the First Defense above to which reference is hereby made; and for the further reason that the exercise of jurisdiction by the Wolfe Circuit Court or this Court would deprive these defendants of property without due process of law and deny each of them the equal protection of the laws in violation of Section 1 of Amendment XIV of the Constitution of the United States.

"FIFTH DEFENSE

"At the time, place and upon the occasion referred to in the complaint, the said decedent, Rondall J. Thorpe, appreciated any danger that may have existed, and did thereby assume the risk of the accident and resulting damages complained of in the complaint; and defendants hereby plead assumption of risk on the part of the said decedent as a complete bar to any recovery on the part of the plaintiff in this action."

By this action, the Plaintiff seeks damages on account of the death of his intestate upon the following allegations:

"4. That on the 29 day of August 1962 at a time when the defendant W. L. Harper Company was in the process of constructing a highway in Wolfe County Kentucky, and at a time when it was the duty of said defendant to maintain a public road through said construction job for the traveling public, and for the use of employees of other contracting companies, the said defendant in the operation of said roadway negligently and carelessly in the maintenance and operation of said roadway permitted it to become dangerous and hazardous for said occupants who were entitled to use same, and while said dangers and hazards existed the deceased Rondall J. Thorpe while he was using said roadway in the operation of a truck collided with a truck owned by Defendant Brakebill Trucking Company and was killed. That said death was caused and brought about by the negligence and carelessness of the defendant W. L. Harper Company and the joint negligence of the defendant Brakebill Trucking Company which was operating a truck upon said roadway in a negligent and careless manner by its agent, servant and employee Ray Truell.

"6. That the defendants Brakebill Trucking Company, and D. M. Brakebill, and H. B. Brookshire were at said time nonresidents of the State of Kentucky and believed to be absent from the state, that they were at said time using the roads and highways of the state of Kentucky for the operation of their motor trucks and that as such they made the Secretary of the State of Kentucky their process agent for the purpose of the service of process. That said defendants live at Madisonville in the State of Tennessee and that service can be had upon them at that place."

It seems obvious that the motion to strike presents issues of law and fact upon the question whether the defendants, who are brought before this Court by constructive service of process are amenable to such process under sections 188.010, 188.020 and 188.030 of the Statutes of Kentucky.

In Brown & Williamson Tobacco Corporation v. United States, 201 F.2d 819, 822, C.A.6, the Court said:

"Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. Colorado Milling & Elevator Co. v. Howbert, 10 Cir., 57 F.2d 769. It is a drastic remedy to be resorted to only when required for the purposes of justice. Batchelder v. Prestman, 103 Fla. 852, 138 So. 473; Collishaw v. American Smelting & Refining Co., 121 Mont. 196, 190 P.2d 673. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. Samuel Goldwyn, Inc., v. United Artists Corporation, D.C., 35 F.Supp. 633; Wooldridge Mfg. Co. v. R. G. La Tourneau, Inc., D.C., 79 F.Supp. 908.

"We think that the District Court erred in striking the affirmative defenses of the answer. It has not been shown that these defenses have no relation to the controversy."

See also Augustus v. Board of Public Instruction, C.A.5, 306 F.2d 862, 868, and City of Chicago v. Allen Bradley Co., D. C., 32 F.R.D. 448, 450.

Without clarification of the facts as to the nature of the highway referred to in the complaint and in what manner and under what circumstances it was being used by the Defendants at the time the Plaintiffs' intestate was killed, the motion to strike should not be granted, for it is not possible to say from a mere reading of the complaint and the motion that the motion to strike has no possible relation to the controversy.

For the reasons indicated, I am of the opinion that the motion to strike should be denied.